

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2008

# Greene v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3000

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Greene v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1324.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1324

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3000
_____

DAVID LAWRENCE GREENE,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A21-177-195)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2008

Before: BARRY, SMITH and HARDIMAN, <u>Circuit Judges</u>

(Opinion filed: April 25, 2008)
_____

OPINION
_____

PER CURIAM

    David Lawrence Greene, a native and citizen of Mexico, seeks review of an order

of the Board of Immigration Appeals ("BIA") sustaining the government's appeal of an

Immigration Judge's ("IJ") decision which had granted Greene's application for

cancellation of removal. We will deny the petition for review.

Greene was adopted by United States citizen parents and admitted to this country in August 1977, when he was 2 months old. In 2003, he was convicted in New Jersey state court of endangering the welfare of a child. The next year, he was convicted of the same charge in New York state court. The Department of Homeland Security ("DHS") charged Greene with being removable pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(A)(ii) [8 U.S.C. § 1227(a)(2)(A)(ii)], as an alien who has been convicted of two moral turpitude crimes not arising out of a single scheme of criminal misconduct. Greene conceded the charge of removability and applied for cancellation of removal under INA § 240A(a) [8 U.S.C. § 1229b(a)].[1]

The IJ concluded that Greene was statutorily eligible for cancellation and granted the application as a matter of discretion, holding that the positive aspects of his case outweighed the negative factors. The DHS appealed the decision to the BIA, which sustained the appeal, vacated the IJ's decision, and ordered Greene removed to Mexico. The Board concluded that Greene had not successfully demonstrated that the factors

---

[1] Under this provision, the Attorney General may, in his discretion, cancel the removal of an alien who (1) has been lawfully admitted for permanent residence for not less than five years, (2) has continuously resided in the United States in any status for seven years, and (3) has not been convicted of an aggravated felony. Once these requirements are met, the IJ must review the record as a whole, and "balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his (or her) behalf to determine whether the granting of . . . relief appears in the best interest of this country." Matter of C-V-T, 22 I & N Dec. 7, 11 (BIA 1998). (internal quotations omitted).

favorable to a discretionary grant of relief outweighed his "serious criminal activity." Greene filed a petition for review.

The government argues that we lack jurisdiction to hear Greene's claims because he is a criminal alien who seeks review of an order denying cancellation of removal in the exercise of discretion. Indeed, we generally do not have jurisdiction to review final orders of removal against aliens, like Greene, who are deemed removable because they were convicted of, inter alia, two crimes involving moral turpitude. See INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)] (precluding jurisdiction where alien removable pursuant to INA § 237(a)(2)(A)(ii) [8 U.S.C. § 1227(a)(2)(A)(ii)]). In addition, we lack jurisdiction to review purely discretionary decisions, see INA § 242(a)(2)(B)(ii) [8 U.S.C. § 1252(a)(2)(B)(ii)], such as the "manner in which the BIA balanced the various positive and negative factors which typically inform the exercise of its discretion under" INA § 240A [1229b(a)]. Cruz-Camey v. Gonzales, 504 F.3d 28, 29 (1st Cir. 2007). Despite these jurisdiction-stripping provisions, we may review "constitutional claims or questions of law" raised in a petition for review. See INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]; Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). Thus, we may consider whether the Board, in exercising its discretion, violated a rule of law or a provision of the U.S. Constitution. See Chen v. Dep't of Justice, 471 F.3d 315, 329 (2d Cir. 2006) (holding that a petition raises a question of law when it alleges a "fact-finding which is flawed by an error of law" or an "abuse of discretion" that is "based on a legally

3

erroneous standard").

In the present case, Greene argues that the BIA improperly engaged in its own independent factfinding, and failed to defer to the IJ's factual findings and review them for clear error. See 8 C.F.R. §§ 1003.1(d)(3)(I) and (iv). In addition, Greene complains that the BIA ignored uncontested expert testimony concerning the likelihood that he would re-offend. To the extent that these allegations raise questions of law, we have jurisdiction. See Wood v. Mukasey, 516 F.3d 564, 568 (7th Cir. 2008) (holding allegation that BIA exceeded its appellate-review authority presented a legal question). We conclude, however, that Greene's claims are without merit.

Under the regulations, "[t]he Board will not engage in *de novo* review of findings of fact determined by an immigration judge," § 1003.1(d)(3)(I), and "will not engage in factfinding in the course of deciding appeals." § 1003.1(d)(3)(iv). The BIA's decision that Greene did not qualify for cancellation was based on his failure to show "sufficient rehabilitation." As support for this conclusion, the BIA cited Greene's "recent convict[ions] within the span of 6 months for conduct involving extensive sexual contact with minors," his "admission to engaging in inappropriate and uncontrollable sexual activity" with numerous "inappropriate partners," and his solicitation of a 13 year-old while awaiting sentencing for his first conviction. Importantly, these are not facts that the BIA independently found or which ran contrary to the IJ's findings. Rather, they were all clearly set forth on the record in the IJ's decision. The BIA simply deferred to the IJ's

4

factual determinations, including those favorable to Greene, and, after weighing the evidence, concluded that Greene did not warrant cancellation of removal. <u>See</u> 8 C.F.R. § 1003.1(d)(3)(ii) (stating that the "Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of [IJs] *de novo*."). This analysis fully comports with the BIA regulations.[2] <u>See</u> <u>Wallace v. Gonzales</u>, 463 F.3d 135, 141 (2d Cir. 2006) ("Although any reversal by the BIA of an IJ's discretionary determination must involve consideration of the underlying facts, a review of the factual record by the BIA does not convert its discretionary determination as to whether a petitioner warrants [relief] into improper factfinding.").

For the foregoing reasons, we will deny the petition for review.

---

[2] We note that Greene strenuously argues that the BIA ignored uncontested expert testimony concerning the likelihood that he would re-offend. Review of this claim, along with any direct challenge to the BIA's discretionary decision, is outside our jurisdiction and will be dismissed. <u>See</u> <u>Jarbough v. Attorney General</u>, 483 F.3d 184, 189 (3d Cir. 2007) (holding that "arguments such as that an Immigration Judge . . . failed to consider evidence . . . are not questions of law under § 1252(a)(2)(D)."); <u>Xiao Ji Chen v. U.S. Dep't of Justice</u>, 471 F.3d 315, 329-30 (2d Cir. 2006) (stating that judicial review may not be secured "by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion.").