**Joselito Balicudiong ASICAN, aka Jose B. Asican, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72390.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2009.

Filed Aug. 19, 2009.

Evangeline G. Abriel, Director, Legal Analysis, Research and Writing, Santa Clara University School of Law, Santa Clara, CA, for Petitioner.

Lance Lomond Jolley, Esquire, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, REINHARDT, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Joselito Asican, a native and citizen of the Philippines and a lawful permanent resident, petitions for review of the BIA's dismissal of his appeal of the Immigration Judge's discretionary denial of cancellation of removal. We dismiss in part and deny in part the petition for review.

■ Asican argues in his petition for review, for the first time in this case, that he did not commit two crimes of moral turpitude and the IJ violated due process by not informing him about discretionary domestic victim waivers of removal and developing the administrative record regarding potential domestic abuse. Asican did not raise these claims in his BIA appeal brief. Therefore, he has not exhausted his administrative remedies and we lack jurisdiction to consider the claims. *See Brezilien v. Holder,* 569 F.3d 403, 412 (9th Cir.2009); *Abebe v. Mukasey,* 554 F.3d 1203, 1208 (9th Cir.2009) (en banc).

Nor does the BIA's citation to *Matter of Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994),[1] excuse Asican's failure to exhaust. Additionally, after *Abebe,* an independent or de novo review of the record will not exhaust claims not asserted in the BIA appeal brief. *Abebe,* 554 F.3d at 1208. ("To the extent *Ladha v. INS,* 215 F.3d 889, 903 (9th Cir.2000), is to the contrary, it is overruled.").

■ Asican argues that the IJ applied the incorrect legal standard to cancellation of removal by not considering a crucial positive factor, the hardship to Asican's three citizen children, when he weighed the positive and negative factors. The record belies this contention. *See In re C–V–T,* 22 I. & N. Dec. 7, 11 (BIA 1998); *In re Edwards,* 20 I. & N. Dec. 191, 195–97 (BIA 1990). Because the IJ applied the correct legal standard, we lack jurisdiction to review the IJ's discretionary determination that Asican is not entitled to cancellation of removal. *Mendez–Castro v. Mukasey,* 552 F.3d 975, 978–80 (9th Cir.2009).

■ Finally, Asican asserts that the IJ violated due process by allowing an incomplete or inaccurate translation of the cancellation of removal testimony. To establish his due process claim, Asican must show that an incompetent translation prejudiced his hearing. *Perez–Lastor v. INS,* 208 F.3d 773, 778–80 (9th Cir.2000). A review of the complete transcript establishes that Asican understood and answered the vast majority of the questions. Unlike *Perez–Lastor,* Asican never stated that he could not understand or consistently gave answers completely unrelated to the questions. At most, the record established that the interpreter made two mistakes. At the beginning of the hearing, the IJ admonished the interpreter for adding "your honor" to the testimony. Later, the IJ admonished Asican to wait for the translation to answer, admonished the interpreter for adding the year to clarify which conviction was at issue, and had counsel repeat the question. Asican has not shown that the translator was incompetent or that a better translation may have resulted in a discretionary grant of cancellation of removal.

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The BIA cited *Burbano* only for the IJ's holdings that Asican "did not merit cancellation of removal and was ineligible for all other forms of relief."