**Juan Pablo PEREZ–GILL, aka Pedro Gerena–Latimer, Pedro Latimore, Pedro Durant Latimore, Pedro Latimer Gerena, Pedro Latimer, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 08–1854.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Aug. 26, 2009.

Opinion Filed Sept. 4, 2009.

Fabian Lima, Esq., Philadelphia, PA, for Petitioner.

Jeffrey L. Menkin, Esq., Paul F. Stone, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: AMBRO, FISHER and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

Juan Pablo Perez–Gill petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the following reasons, we will dismiss the petition in part and deny the remainder.

I.

Perez–Gill, a native and citizen of the Dominican Republic, first entered the United States in 1997 as a lawful permanent resident. He lived here with his mother, also a lawful permanent resident, and some cousins. His father, wife, and son live in the Dominican Republic. After returning to the Dominican Republic to visit his family, he sought to reenter the United States on February 20, 2007. When he did, fingerprint screening revealed that he had used an alias in the United States and had been convicted of at least three crimes. Perez–Gill at first disclaimed the alias and criminal history, but

eventually admitted to both. The Government instituted removal proceedings charging Perez–Gill as removable for seeking admission to the United States by fraud or willful misrepresentation, *see* 8 U.S.C. § 1182(a)(6)(C)(i), and falsely representing himself to be a citizen, *see* 8 U.S.C. § 1182(a)(6)(C)(ii). The Government later added a third charge of commission of a crime of moral turpitude (i.e., assaulting a police officer with a dangerous weapon). *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I).

Perez–Gill concedes removability, but applied for discretionary cancellation of removal under 8 U.S.C. § 1229b.[1] The Immigration Judge ("IJ") held a hearing and granted the application on August 30, 2007. The IJ expressed concern with Perez–Gill's conduct, including (1) his multiple arrests and convictions, (2) his failure to file tax returns since 1999, and (3) his purchase of a fake driver's license and assumption of a false identity. The IJ explained that Perez–Gill's explanations for his conduct "had a certain hollow ring" and that he had spun a "web of deceit." (IJ Dec. at 5; A.41.) He ultimately granted the application, however, primarily out of sympathy for Perez–Gill's mother. (IJ Dec. at 7; A.43.) In doing so, the IJ noted that "I don't think [Perez–Gill] has shown that even individually he deserves this," and that his ruling came "within a razor's edge of going the other way[.]" (*Id.*)

The Government appealed. The BIA reviewed the IJ's exercise of discretion *de novo, see* 8 C.F.R. § 1003.1(d)(3)(ii), and, after thoroughly discussing the relevant factors, concluded that the IJ's ruling struck the wrong balance. Accordingly, the BIA sustained the Government's appeal and ordered Perez–Gill's removal to the Dominican Republic. Perez–Gill petitions for review.

## II.

"This Court generally lacks jurisdiction to review discretionary decisions made under § 1229b regarding cancellation of removal." *Mendez–Reyes v. Att'y Gen.*, 428 F.3d 187, 189 (3d Cir.2005) (citing 8 U.S.C. § 1252(a)(2)(B)(i)). In addition, we generally lack jurisdiction to review removal orders entered against aliens who committed crimes involving moral turpitude. *See* 8 U.S.C. § 1252(a)(2)(C). We retain jurisdiction, however, to review "constitutional claims or questions of law." *Mendez–Reyes*, 428 F.3d at 189 (citing 8 U.S.C. § 1252(a)(2)(D)). The Government asks us to dismiss Perez–Gill's petition for lack of jurisdiction because his arguments amount to no more than a challenge to the BIA's exercise of its discretion in balancing the relevant factors. We agree that much of Perez–Gill's brief argues merely that the discretionary factors weigh in his favor, and we will dismiss his petition to that extent. *See Cospito v. Att'y Gen.*, 539 F.3d 166, 171 (3d Cir.2008).

Though Perez–Gill raises two arguments that might be characterized as questions of law that we have jurisdiction to review, they are unpersuasive. Perez–Gill notes that the BIA referred to his criminal history as "serious," whereas the IJ referred to

---

1. Under this provision, the Attorney General may, in his discretion, cancel the removal of an alien who (1) has been lawfully admitted for permanent residence for not less than five years, (2) has continuously resided in the United States in any status for seven years, and (3) has not been convicted of an aggravated felony. If those requirements are met (and there is no dispute that they are in this case), then the IJ must review the record as a whole and "balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his (or her) behalf to determine whether the granting of ... relief appears in the best interest of this country." *Matter of C–V–T,* 22 I. & N. Dec. 7, 11 (BIA 1998) (internal quotations omitted).

his behavior merely as "mischievous." Thus, he argues that the BIA both engaged in impermissible fact-finding and overruled the IJ's finding of fact without determining that they were "clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i) & (iv). The BIA, however, neither found any facts nor overruled any of the IJ's findings. It did not, for example, find that Perez–Gill had engaged in any conduct beyond that discussed by the IJ. The BIA characterized that conduct as "serious," but that characterization merely indicates the weight it accorded that conduct in the exercise of its discretion. It is not a finding of fact. *See Wallace v. Gonzales,* 463 F.3d 135, 140–41 (2d Cir.2006) (rejecting similar argument).

Moreover, it is not inconsistent with the IJ's view of Perez–Gill's conduct. The IJ stated that Perez–Gill likely "engaged in a bit more mischievous activities than he's owned up to today" (IJ Dec. at 5; A.41), but he clearly regarded Perez–Gill's conduct as "serious"—he referred to the adoption of a false identity as "serious," (*id.*), and stated that he did not believe Perez–Gill had considered the "serious consequences" of his actions (IJ Dec. at 6; A.42). Thus, the BIA did not overturn any factual finding made by the IJ. Instead, it merely disagreed with the IJ's exercise of his discretion, and we lack jurisdiction to review that ruling.

Accordingly, we will dismiss the petition to the extent that it challenges the BIA's exercise of discretion and deny it to the extent it raises questions of law.