# In re C-V-T-, Respondent

*Decided February 12, 1998*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) To be statutorily eligible for cancellation of removal under section 240A(a) of the Immigration and Nationality Act (to be codified at 8 U.S.C. § 1229b(a)), an alien must demonstrate that he or she has been lawfully admitted for permanent residence for not less than 5 years, has resided in the United States continuously for 7 years after having been admitted in any status, and has not been convicted of an aggravated felony.

(2) In addition to satisfying the three statutory eligibility requirements, an applicant for relief under section 240A(a) of the Act must establish that he or she warrants such relief as a matter of discretion.

(3) The general standards developed in *Matter of Marin*, 16 I&N Dec. 581, 584-85 (BIA 1978), for the exercise of discretion under section 212(c) of the Act, 8 U.S.C. § 1182(c)(1994), which was the predecessor provision to section 240A(a), are applicable to the exercise of discretion under section 240A(a).

Pro se

Robert F. Peck, Assistant District Counsel, for the Immigration and Naturalization Service

Before:    Board Panel: HOLMES, FILPPU, and GUENDELSBERGER, Board Members.

HOLMES, Board Member:

In a decision dated July 25, 1997, an Immigration Judge found the respondent removable as charged under section 237(a)(2)(B)(i) of the Immigration and Nationality Act (to be codified at 8 U.S.C. § 1227(a)(2)(B)(i)), denied his applications for cancellation of removal, asylum, and withholding of deportation,[1] and ordered him removed from

---

[1]The Immigration Judge inadvertently referenced section 243(h) of the Act, 8 U.S.C. § 1253(h)(1994), in her decision. The prior law regarding withholding of deportation under section 243(h) has now been replaced with a restriction on removal in section 241(b)(3) of the Act (to be codified at 8 U.S.C. § 1231(b)(3)), *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208,§ 305(a), 110 Stat. 3009-546, 3009-597 (enacted Sept. 30, 1996) ("IIRIRA").

the United States to Vietnam. The respondent has appealed. The appeal will be sustained and the respondent will be granted cancellation of removal under section 240A(a) of the Act (to be codified at 8 U.S.C. § 1229b(a))[2]

The respondent is a 42-year-old native and citizen of Vietnam who entered the United States as a refugee on March 1, 1983. He became a lawful permanent resident of this country in 1991. On June 11, 1997, he was convicted in a superior court for the State of Alaska of the offense of misconduct involving a controlled substance, fourth degree, in violation of section 11.71.040 of the Alaska Statutes. He was sentenced to 90 days in jail. Although the record of conviction does not reflect the pertinent subsection of the Alaska Statutes under which he was convicted, an Immigration and Naturalization Service document refers to the offense as "Misconduct involving a Controlled Substance in the Fourth Degree (possession of cocaine)," and the Service attorney advised the Immigration Judge that the respondent had pled guilty to "simple possession of drugs."

Removal proceedings were instituted in June 1997. The respondent has not contested that he is removable under section 237(a)(2)(B)(i) of the Act, as an alien convicted of a controlled substance violation. Instead, he applied for cancellation of removal under section 240A(a) of the Act. The Immigration Judge found the respondent statutorily eligible for such relief. Then, noting the absence of pertinent decisions since the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"), regarding this new section of law, the Immigration Judge stated that she would look for guidance regarding the exercise of discretion to the existing case law concerning applications for suspension of deportation under section 244(a) of the Act, 8 U.S.C. § 1254(a)(1994), and for relief under section 212(c) of the Act, 8 U.S.C. § 1182(c)(1994), which were the predecessors to sections 240A(a) and (b) prior to the enactment of the IIRIRA. The Immigration Judge ultimately concluded that the respondent had not adequately demonstrated that he warranted a favorable exercise of discretion and denied his application for cancellation of removal. The respondent appeals from the Immigration Judge's decision in this regard.

## I. ISSUES

This case presents two principal issues arising from the respondent's application for cancellation of removal under section 240A(a) of the Act. The first is what standards for the exercise of discretion should be used in

---

[2]Due to our decision in this case, we need not address the respondent's contentions concerning his request for asylum and restriction on removal.

considering an application for cancellation of removal under section 240A(a) of the Act. Secondly, under the appropriate standards, has this respondent adequately demonstrated that he warrants, as a matter of discretion, cancellation of removal under this section of law?

## II. FACTS

The respondent, the sole witness in this case, was found by the Immigration Judge to have testified credibly. He related that he was born in Saigon, Vietnam, in 1956. His elderly parents and some of his brothers still reside in that country; however, he has not been able to contact his parents by mail for over 10 years and his many attempts to have friends look for them have been unsuccessful. The respondent was in the Vietnamese Marine Corps from 1973 until 1975, when it was disbanded after "the Viet Cong took over." He testified that he returned to Saigon in 1975, was imprisoned from 1975 to 1976 because of his military service, and was forced to do heavy labor for the Communists with insufficient food. From 1976 to 1981, he was allowed to work as a mechanic on the condition that he voluntarily work for the Communists for 1 month a year. He testified that the Communists did not like those who had previously been in the Vietnamese Marine Corps. In 1981, he got into a disagreement with the police who claimed he had violated a curfew even though he had reached home 15 minutes ahead of time. He fought with the police and was charged with assaulting a police officer. He was detained for a week, held separately from others, fed once a day, yelled at because of his prior military service, and told that he had been a mercenary for the United States forces. After his parents posted a bond, he and a younger brother fled Vietnam.

The respondent was admitted to the United States as a refugee in March 1983, and became a lawful permanent resident of this country in 1991. He worked in Los Angeles until 1991, when he moved to Anchorage. His brother remained in California and he has not been in touch with him for many years. The respondent studied English and speaks and reads well enough to keep a job, read papers, and watch English-language television. He works as a mechanic and drives a taxi during the summer in Alaska, and he fishes or fixes boat engines in the winter. While in Alaska, he has volunteered to pick up trash and help clean the streets in the city for several days each summer when asked to help.

The respondent also testified regarding the circumstances of his conviction. He related that on his way home from work one day, a close friend told him that someone wanted to buy cocaine. The respondent did not have any, but knew someone who previously told him that he had cocaine available. The respondent called this person to come over and, acting as the middleman, he took the money from his friend and then gave him the drugs. He testified that he had not been paid and that he had only helped his friend

once. After being arrested, the respondent disclosed the drug supplier's name to the police and assisted with his arrest.

The Service introduced into evidence a June 6, 1997, letter written to them by the Alaska assistant district attorney who had prosecuted the respondent and the other Vietnamese individual involved in the drug offense. The prosecutor wrote that he was "taking the unusual step of recommending that the INS allow both men to remain in the United States." He noted in part that "[w]hile these men certainly deserved their convictions, their conduct can only be described as purely amateur, perhaps the most amateur drug delivery case I have encountered."

## III. CRITERIA FOR RELIEF UNDER SECTION 240A(a) OF THE ACT

Section 240A(a) of the Act provides that the Attorney General may cancel the removal of an alien who is inadmissible or deportable if the alien:

(1) has been an alien lawfully admitted for permanent residence for not less than 5 years,

(2) has resided in the United States continuously for 7 years after having been admitted in any status, and

(3) has not been convicted of any aggravated felony.

Section 240A(a) of the Act.

Thus, section 240A(a) sets forth three eligibility requirements, but does not provide for the indiscriminate cancellation of removal for those who demonstrate statutory eligibility for this relief. Rather, the Attorney General, or her delegate, is vested with the discretion to determine whether or not such cancellation is warranted. Section 240A(a) does not provide express direction as to how this discretion is to be exercised. Thus, the initial question before us is what standards should be applied in exercising this discretionary authority.

The Immigration Judge concluded, in part, that she should look to the case law that had been developed regarding the exercise of discretion under section 212(c) of the Act, the predecessor provision to section 240A(a) of the Act. The Service agreed with the Immigration Judge's conclusion in this regard. We also find that the application of the general standards developed in the context of relief under the former section 212(c) of the Act are appropriate standards for the exercise of discretion under section 240A(a) of the Act.[3]

---

[3]We note that section 212(c) of the Act replaced the seventh proviso to section 3 of the Immigration Act of 1917, ch. 29, 39 Stat. 874 (repealed 1952), *See generally Matter of S-*

The Board has long noted both the undesirability and "the difficulty, if not impossibility, of defining any standard in discretionary matters . . . which may be applied in a stereotyped manner." *Matter of L-,* 3 I&N Dec. 767, 770 (BIA, A.G. 1949). Accordingly, there is no inflexible standard for determining who should be granted discretionary relief, and each case must be judged on its own merits. *Id.* Within this context, the Board ruled in *Matter of Marin*, 16 I&N Dec. 581, 584-85 (BIA 1978), that in exercising discretion under section 212(c) of the Act, an Immigration Judge, upon review of the record as a whole, "must balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his [or her] behalf to determine whether the granting of . . . relief appears in the best interest of this country." We find this general standard equally appropriate in considering requests for cancellation of removal under section 240A(a) of the Act.

We also find that the factors we have enunciated as pertinent to the exercise of discretion under section 212(c) are equally relevant to the exercise of discretion under section 240A(a) of the Act. For example, favorable considerations include such factors as family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred at a young age), evidence of hardship to the respondent and his family if deportation occurs, service in this country's armed forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character. *Matter of Marin, supra*. Among the factors deemed adverse to an alien are the nature and underlying circumstances of the grounds of exclusion or deportation (now removal) that are at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country. *Id.*

In some cases, the minimum equities required to establish eligibility for relief under section 240A(a) (i.e., residence of at least 7 years and status as a lawful permanent resident for not less than 5 years) may be sufficient in and of themselves to warrant favorable discretionary action. *See Matter of Marin, supra*, at 585. However, as the negative factors grow more serious, it becomes incumbent upon the alien to introduce additional offsetting

---

5 I&N Dec. 116 (BIA 1953), In setting out the standards for the exercise of discretion under section 212(c), the Board looked in turn to case law that had developed regarding the exercise of discretion under the "seventh proviso." *See Matter of Marin*, 16 I&N Dec. 581, 584-85 (BIA 1978).

favorable evidence, which in some cases may have to involve unusual or outstanding equities. *Matter of Edwards*, 20 I&N Dec. 191, 195-96 (BIA 1990); *see also Matter of Arreguin*, (21 I&N Dec. 38 BIA 1995); *Matter of Burbano*, 20 I&N Dec. 872 (BIA 1994); *Matter of Roberts,* 20 I&N Dec. 294 (BIA 1991); *Matter of Buscemi*, 19 I&N Dec. 628 (BIA 1988); *Matter of Marin, supra.* [4]

With respect to the issue of rehabilitation, a respondent who has a criminal record will ordinarily be required to present evidence of rehabilitation before relief is granted as a matter of discretion. *See Matter of Marin, supra*, at 588; *see also Matter of Buscemi*, *supra*. However, applications involving convicted aliens must be evaluated on a case-by-case basis, with rehabilitation a factor to be considered in the exercise of discretion. *Matter of Edwards, supra*. We have held that a showing of rehabilitation is not an absolute prerequisite in every case involving an alien with a criminal record. *See Matter of Buscemi, supra*, at 196.

As was the case in the context of adjudicating waivers of inadmissibility under section 212(c) of the Act, it remains incumbent on the Immigration Judge to clearly enunciate the basis for granting or denying a request for cancellation of removal under section 240A(a), Furthermore, it is still the alien who bears the burden of demonstrating that his or her application for relief merits favorable consideration. *See Blackwood v. INS,* 803 F.2d 1165 (11th Cir. 1986); *Matter of Marin, supra.*

Finally, we note in this regard that the Immigration Judge deemed it appropriate to cite to prior case law that was "applicable as to discretion under section 244(a)(1) of the Act," the predecessor provision to section 240A(b)(1) of the Act, enacted by the IIRIRA. However, we have found "it prudent to avoid cross-application, as between different types of relief from deportation, of particular principles or standards for the exercise of discretion." *Matter of Marin*, *supra*, at 586. Thus, as a general rule, we find it best not to apply case law regarding applications for suspension of deportation under section 244(a) of the Act when considering a request for cancellation of removal under section 240A(a) of the Act.

---

[4] In the context of the exercise of discretion under section 212(c), we have held that a showing of counterbalancing unusual and outstanding equities may be required because of a single serious criminal offense or a succession of criminal acts. This now may be largely a moot point in view of the expanded "aggravated felony" definition and the ineligibility of anyone convicted of such an offense for relief under section 240A(a), For example, each of the aliens whose cases were before us in *Matter of Arreguin, Matter of Burbano, Matter of Roberts, Matter of Buscemi, Matter of Edwards,* and *Matter of Marin*, would be statutorily ineligible for relief under section 240A(a) of the Act, without regard to the issue of discretion. However, we need not resolve this question today.

## IV. RESPONDENT'S APPLICATION FOR SECTION 240A(a) RELIEF

It is uncontested that the respondent in this case is statutorily eligible for cancellation of removal under section 240A(a) of the Act. The determinative issue is whether he has demonstrated that he warrants such relief in the exercise of discretion. In this regard, the Immigration Judge stated that the main issues were whether "the respondent's lengthy status in this country and having a brother in California outweighs his criminal record" and whether the respondent's "ties to the community and his work record merits a discretionary grant of cancellation of removal." The Immigration Judge found the respondent had been a credible witness, that he had been in the United States for many years, and that he had worked hard in this country. She recognized that he did not want to return to Vietnam, but noted that he still spoke Vietnamese fluently, that the majority of his family remained there, that there was no showing that he could not return to his prior work in that country, that he had fled from his homeland for personal reasons "as a fugitive from justice," and that there was "no evidence" that he had been persecuted in any way in Vietnam. The Immigration Judge ultimately concluded that the "equities presented by the respondent do not represent the kind of equities required to outweigh the considerable evidence of his undesirability as a permanent resident."

We initially note that the respondent's conviction for drug possession, albeit a serious matter, apparently is the entirety of his criminal record in this country. He was sentenced to 90 days in jail. The conviction was not for an aggravated felony, or the respondent would be statutorily ineligible for relief. And, in the context of the respondent's application for asylum, the Service advised the Immigration Judge that the respondent's conviction was not for a "particularly serious crime." *See* section 208(b)(2)(A)(ii) of the Act (to be codified at 8 U.S.C. § 1158(b)(2)(A)(ii)). The respondent, who was found to be a credible witness, related that this had been his only involvement with drugs, that it was not something that he had done for money, and that he had assisted the police in the arrest of the individual who had supplied the cocaine. The rather unusual recommendation on the respondent's behalf by the assistant district attorney who prosecuted him indicates that he was cooperative with the police and that he was an "amateur" rather than an experienced criminal. While any drug offense that can result in an alien's removal is a serious adverse matter, the facts of this case mitigate the seriousness of this respondent's conviction record.[5]

---

[5]During the course of the proceedings, the Immigration Judge stated to the respondent that she considered as an adverse matter the fact that he had "committed a crime in Vietnam." However, she did not mention this in the decision itself, other than to indicate that the respondent's case presented adverse "factors." Given the respondent's testimony regarding the

Moreover, the respondent has presented significant equities. He is a lawful permanent resident of this country and has resided here for some 15 years, having entered lawfully as a refugee. He has learned English and has evidently been entirely self-supporting. The Immigration Judge commented favorably on his work history, noting that she had little doubt that he had worked hard in this country. And, although it is not of particular significance, the respondent has engaged in some volunteer work in Alaska.

We note that to be eligible for relief under section 240A(a) of the Act, the respondent need not demonstrate that his removal to Vietnam would result in any hardship, nor is such a showing a prerequisite to a favorable exercise of discretion. However, we do consider relevant the facts that he was admitted to the United States as a refugee from Vietnam, that he has been unable to even locate his parents for many years, that he was found to have testified credibly that the problems he had in his native country were due, in part, to his service in the Vietnamese Marine Corps, and that he had been accused of having been a "mercenary" of the United States.

Rehabilitation can be a relevant consideration in the exercise of discretion. *See Matter of Arreguin, supra*. The respondent served 90 days for his crime and apparently has since been in Immigration and Naturalization Service detention. Confinement can make it difficult to assess rehabilitation, and we do not find sufficient evidence of rehabilitation in this case for it to be weighed as a favorable factor on his behalf. However, the respondent has only been convicted of this one crime, there is no evidence that he has engaged in any other criminal activity in this country, the assistant district attorney who prosecuted him has written on his behalf, he apparently has had no negative history while detained, and on appeal he has expressed remorse for his crime, promising to never again break the law if forgiven. Although the future always involves some uncertainty, the totality of these facts would indicate that the respondent does not pose a serious ongoing threat to our society.

Considering the totality of the evidence before us, we find that the respondent has adequately demonstrated that he warrants a favorable exercise of discretion and a grant of cancellation of removal under section 240A(a) of the Act. However, we advise the respondent that having once been granted cancellation of removal, he is statutorily ineligible for such relief in the future. *See* section 240A(c)(6) of the Act. Thus, any further criminal misconduct on his part would likely result in his removal from this country.

---

events in Vietnam and his subsequent admission to this country as a refugee, we do not find the circumstances surrounding his involvement with the police in that country to be clear enough to be weighed as a meaningful adverse consideration in this case.

**ORDER:**  The appeal is sustained and the respondent is granted cancellation of removal pursuant to section 240A(a) of the Immigration and Nationality Act.