United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 06-60426
Summary Calendar

---

JAMES ROEHL CURIOSO,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

---

Petition for Review of an Order of
the Board of Immigration Appeals
No. A41 891 471

---

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

James Curioso, a native and citizen of the Philippines, peti-tions for review of a decision of the Board of Immigration Appeals ("BIA") affirming a decision of an immigration judge ("IJ") denying his application for discretionary cancellation of removal under 8 U.S.C. § 1229b(a). Curioso argues that he should have been granted cancellation of removal, because the factors favorable to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his remaining in this country outweigh the adverse factors. Because Curioso was found to be removable by reason of having committed a criminal offense covered in section 8 U.S.C. § 1182(a)(2), we lack jurisdiction to consider this argument. See id. § 1252-(a)(2)(C).

Curioso also contends that when, after hearing testimony from Curioso and his wife, the IJ refused to hear from any other witnesses, the IJ (1) violated In re C-V-T-, 22 I.& N. Dec. 7, 11 (BIA 1998), by not allowing evidence attesting to Curioso's good character and (2) violated Curioso's due process rights. We review questions of law and due process challenges de novo. Mai v. Gonzales, 473 F.3d 162, 164 (5th Cir. 2005); Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997).

Curioso has not demonstrated that, by limiting unnecessary testimony after the IJ had already determined that Curioso lacked good moral character, the IJ disregarded C-V-T-, 22 I. & N. Dec. at 11. Curioso also has failed to make an initial showing of substantial prejudice with respect to his due process claim. See Anwar, 116 F.3d at 144.

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.