

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2007

# Moreno v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3597

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Moreno v. Atty Gen USA" (2007). *2007 Decisions.* Paper 119.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/119

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3597
_____

SERGIO MORENO,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A91-297-426)
Immigration Judge: Daniel A. Meisner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 5, 2007

Before: SLOVITER, BARRY and WEIS, <u>Circuit Judges</u>

(Opinion Filed: December 7, 2007)
_____

OPINION
_____

PER CURIAM

        Sergio Moreno, a native and citizen of Mexico, petitions for review of a final order

of the Board of Immigration Appeals ("BIA").  For the following reasons, we will dismiss

in part and deny in part the petition for review.

1

## I.

Moreno entered the United States in 1981 and became a lawful permanent resident in 1990. In 1998, he was convicted in a New York state court of misdemeanor possession of cocaine in the seventh degree. And in 2005, Moreno was convicted in New York of criminal facilitation in the fourth degree.[1] See NEW YORK PENAL LAW § 145.00.

In July 2006, Moreno was charged with removability for having been convicted of a controlled substance offense. See 8 U.S.C. § 1227(a)(2)(B)(i). The government also alleged that Moreno's conviction for criminal facilitation constituted a drug-trafficking aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii). The Immigration Judge ("IJ") concluded that Moreno was removable for having committed a controlled-substance offense, but that he was not an aggravated felon. That decision left Moreno eligible for cancellation of removal, which the IJ denied as a matter of discretion. See 8 U.S.C. § 1229b. A single member of the BIA summarily affirmed the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4).

Moreno, who at all times has acted pro se, filed a timely petition for review.

## II.

The government argues that we lack jurisdiction to consider Moreno's petition because he seeks review of the discretionary denial of cancellation of removal under 8 U.S.C. § 1229b. The Immigration and Nationality Act ("INA") provides that "no court

---

[1]    Moreno has also been convicted of theft (1986), on a gun charge (1990), and for driving under the influence (1992).

shall have jurisdiction to review . . . any . . . decision or action of the Attorney General . .

. the authority for which is specified under [relevant provisions of the INA] to be in the

discretion of the Attorney General. . . ." 8 U.S.C. § 1252(a)(2)(B)(ii). However, the

REAL ID Act of 2005 restored direct review of constitutional claims and questions of law

presented in petitions for review of final removal orders. See 8 U.S.C. § 1252(a)(2)(D).

The decision to grant or deny relief pursuant to § 1229b is a discretionary one. See

Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 178 (3d Cir. 2003). Therefore, to the

extent that Moreno challenges the IJ's and BIA's discretionary conclusions that he does

not warrant cancellation of removal under §1229(b), we lack jurisdiction.[2] Id.

We do, however, have jurisdiction over Moreno's challenge to the BIA's decision

to assign the case to one of its members who then issued a summary affirmance without

opinion. See Smriko v. Ashcroft, 387 F.3d 279, 295-96 (3d Cir. 2004). The BIA is

entitled to streamline its caseload, but it must do so in accordance with the applicable

regulations, which permit a BIA member to affirm without opinion if the "issues on

appeal are squarely controlled by existing [BIA] or federal court precedent and do not

involve the application of precedent to a novel factual situation," or if the "factual and

---

[2]  We note that Moreno's challenge to the decision to deny cancellation of removal is premised on his assertion that he is not an aggravated felon because his conviction for criminal facilitation is not a drug-trafficking crime under 8 U.S.C. § 1227(a)(2)(A)(iii). However, the IJ determined that Moreno was not an aggravated felon. Rather, the IJ found him removable for committing a controlled substance offense (the 1998 conviction for possession of cocaine), and then denied his application for cancellation of removal as a matter of discretion.

3

legal issues . . . are not so substantial that the case warrants the issuance of a written opinion." 8 C.F.R. § 1003.1(e)(4)(i). We may grant a petition for review where we conclude that the BIA's decision to streamline a case was "arbitrary and capricious." Smriko, 387 F.3d at 296.

After fully reviewing the IJ's decision, we conclude that there is nothing in the record to suggest that the BIA's decision to conduct a streamlined review of Moreno's appeal was arbitrary and capricious. There is no question that Moreno was removable under 8 U.S.C. § 1227(a)(2)(B)(i) because he was convicted of possession of cocaine. The IJ then applied the requisite balancing test pursuant to Matter of C-V-T-, 22 I. & N. Dec. 7 (BIA 1998), to determine whether granting Moreno's request for cancellation of removal was appropriate. The IJ found that the factors in Moreno's favor (his 25-year continuous residence in the United States and the presence of numerous family members in the United States) were outweighed by the adverse factors, such as his extensive criminal record, long-term drug addiction, and eight-year failure to file an income tax report. The IJ also noted that Moreno does not support a family, and that none of his siblings came to the hearing to support him or wrote a letter on his behalf. Based on these facts, we cannot say that the BIA's use of the summary affirmance procedure in this case was arbitrary or capricious. Eligibility for removal and cancellation of removal are controlled by well-established precedent, and Moreno's case presented no substantial or novel factual or legal issues to warrant a written opinion.

For these reasons, and after careful consideration of the record and the parties'

4

contentions, we will grant the government's motion to dismiss for lack of jurisdiction as to the portions of Moreno's petition for review seeking to challenge the conclusion that he does not warrant a favorable exercise of discretion for relief under 8 U.S.C. § 1229b. We will deny the petition as to Moreno's contention that the BIA improperly utilized the streamlining procedure of 8 C.F.R. § 1003.1(e)(4).