**Sambo CHUM, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 09–2165.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 17, 2010.

Opinion filed March 23, 2010.

J. Dwight Yoder, Esq., Gibbel, Kraybill & Hess, Lancaster, PA, for Petitioner.

Thomas B. Fatouros, Esq., Paul Fiorino, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BARRY, STAPLETON and NYGAARD, Circuit Judges.

## OPINION

PER CURIAM.

Sambo Chum petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. The Government has moved to dismiss the petition for lack of jurisdiction. For the reasons that follow, we will deny the Government's motion and Chum's petition for review.

### I.

Because the background of this case is familiar to the parties, we discuss it only briefly here. Chum, a native of Thailand and citizen of Cambodia,[1] entered the United States as a refugee in 1985 and became a lawful permanent resident in 1989. In 2007, he pleaded guilty in Rhode Island state court to possession of a sawed-off shotgun and possession with intent to deliver marijuana. The court sentenced him to ten years' imprisonment, with all but eighteen months of the sentence suspended. Chum was released from prison after serving fifteen months. Shortly after his release, he was placed in removal proceedings.

In October 2008, Chum applied for cancellation of removal under 8 U.S.C. § 1229b(a).[2] After a hearing on the merits, the Immigration Judge ("IJ") granted Chum's application. The IJ recognized

---

1. Chum was born in a Cambodian refugee camp in Thailand.

2. Section 1229b(a) provides that the Attorney General may cancel the removal of an alien who "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a). If an alien meets these three requirements, the IJ, "upon review of the record as a whole, 'must balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his [or her] behalf to determine whether the granting of ... relief appears in the best interest of this country.'" In re C–V–T–, 22 I. & N. Dec. 7, 11 (BIA 1998) (quoting Matter of Marin, 16 I. & N. Dec. 581, 584 (BIA 1978)).

that Chum had been a member of a gang, had dropped out of high school, and had both an adult and juvenile criminal record. Nonetheless, the IJ concluded that the positive equities "slightly offset" these negative factors. (Decision of IJ at 4.) The IJ stated that "[w]hile there is no evidence of rehabilitation in this matter, there is evidence of rehabilitative potential, including earning his GED, having no problems while incarcerated, completing anger management and other prison rehabilitative-type courses, having no intention of returning to his gang, and pursuing a trade in the culinary arts." (*Id.* at 3.) The IJ also emphasized the circumstances surrounding Chum's entry into the United States, noting that Chum "knows nothing of Cambodia and has no relatives he knows of residing there." (*Id.*)

The Government appealed the IJ's ruling to the BIA, arguing that (1) Chum's drug conviction rendered him ineligible for cancellation of removal and (2) even if Chum was eligible, the IJ erred in granting the application. The BIA ruled on the second argument only, holding that the IJ erred in granting Chum's application.[3] The BIA concluded that Chum's positive equities were insufficient to overcome the negative equities. Chum now petitions for review of the BIA's decision, and the Government has moved to dismiss the petition for lack of jurisdiction.

## II.

"This Court generally lacks jurisdiction to review discretionary decisions made under § 1229b regarding cancellation of removal." *Mendez–Reyes v. Att'y Gen. of the U.S.*, 428 F.3d 187, 189 (3d Cir.2005) (citing 8 U.S.C. § 1252(a)(2)(B)(i)). Addi-

tionally, we generally lack jurisdiction to review final orders of removal entered against aliens convicted of certain drug offenses. *See* 8 U.S.C. § 1252(a)(2)(C). We retain jurisdiction, however, over constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D).

In moving to dismiss, the Government contends that Chum's petition challenges merely the BIA's discretionary balancing of the equities. We disagree. Chum claims that the BIA applied the wrong standard of review and misapplied the balancing test governing cancellation of removal applications. Because these claims fall within the ambit of our jurisdiction under § 1252(a)(2)(D), the Government's motion is denied.

## III.

■ Although we have jurisdiction to consider Chum's petition, he has not shown that the BIA erred as a matter of law. Chum first claims that the BIA "applied the wrong standard of review because it failed to defer to the [IJ's] factual findings and reversed the [IJ's] decision without finding any of his findings clearly erroneous." (Chum's Opening Brief at 2.) Nothing in the BIA's decision, however, indicates that the BIA questioned the IJ's factual findings, let alone failed to defer to them. The BIA simply disagreed with the IJ's *balancing* of these findings.[4] Because the BIA reviews that aspect of the IJ's decision de novo, *see* 8 C.F.R. § 1003.1(d)(3)(ii), the BIA did not need to deem the IJ's factual findings clearly erroneous to overturn the IJ's grant of cancellation of removal. Accordingly, the BIA

---

3. The BIA noted, without deciding, that "we are not convinced that [Chum] has established his burden in demonstrating eligibility for [cancellation of removal]." (Decision of BIA at 2.)

4. As the Government explains, we lack jurisdiction to review that discretionary aspect of the BIA's decision. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

did not apply the wrong standard of review.

Chum's other claim is that the BIA ignored his "principal positive equities and ameliorating aspects of his negative equities," (Chum's Opening Brief at 23), thereby preventing it from properly applying the test for balancing the equities. Although we recognize that the BIA's decision discussed the negative aspects of Chum's case at greater length than the positive aspects, the BIA did consider *both*. Indeed, the BIA's decision mentioned Chum's rehabilitative potential, his "long time physical presence and family ties in the United States," and the circumstances that brought him to this country. (BIA Decision at 2.) The BIA simply concluded that these positive equities did not outweigh Chum's "criminal activities, gang affiliation, and the circumstances surrounding his 2007 conviction involving both drugs and weapons." (*Id.*) Morever, Chum has not persuaded us that the absence in the BIA's decision of any alleged "ameliorating aspects" of his negative equities, such as the fact that he left the sawed-off shotgun in the trunk of his car during the drug deal that led to his arrest, reflects anything more than the BIA's discretionary decision to afford this evidence little or no weight.

In light of the above, we will deny Chum's petition for review.