**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1765**

FRAY LUBIAN JIMENEZ-GARCIA,

                Petitioner,

       v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  February 23, 2016      Decided:  April 26, 2016

Before NIEMEYER, DUNCAN, and KEENAN, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Efrain Alsina, Orlando, Florida, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Leslie McKay, Assistant Director, Christopher Buchanan, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fray Lubian Jimenez-Garcia, a native and citizen of Colombia, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's denial of his application for cancellation of removal. See 8 U.S.C. § 1229b(b)(1) (2012). For the reasons set forth below, we dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2012), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal. Here, the Board agreed with the immigration judge's secondary finding that the facts in Jimenez-Garcia's case did not warrant a favorable exercise of discretion. See In re C-V-T-, 22 I. & N. Dec. 7 (B.I.A. 1998) (discussing evaluative process for determining whether an applicant warrants a favorable exercise of discretion). Jimenez-Garcia, in his brief filed in this court, asserts a particularized and layered challenge to this conclusion.

Because a denial of discovery relief is, as its name suggests, discretionary in nature, we lack jurisdiction to review it absent the assertion of a colorable constitutional claim or question of law. See Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper

provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the [Board] to actually deny a petition for cancellation of removal."). An appellate court, in assessing its jurisdiction, must:

> [D]etermine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a "constitutional claim" or "question of law," in which case the court could exercise jurisdiction to review those particular issues.

Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 329 (2d Cir. 2006).

We have reviewed Jimenez-Garcia's claims of error and agree with the Attorney General that Jimenez-Garcia fails to raise a colorable constitutional or legal challenge to an entirely discretionary determination. See Gomis v. Holder, 571 F.3d 353, 358 (4th Cir. 2009) ("[A]bsent a colorable constitutional claim or question of law, our review of the issue is not authorized by § 1252(a)(2)(D)." (emphasis added)). Despite being couched in terms of the propriety of the immigration judge's analytical process and failure to abide by Board precedent, Jimenez-Garcia asks this court to reassess his evidence and to conclude that he does warrant a favorable exercise of discretion. This we will not do. See Sorcia v. Holder, 643 F.3d 117, 124-26 (4th Cir. 2011) (rejecting petitioner's contention that his arguments—that

3

the immigration judge misapplied the law and ruled contrary to established precedent in weighing the discretionary factors relevant to cancellation of removal—qualified as issues of law); Saintha v. Mukasey, 516 F.3d 243, 251 (4th Cir. 2008) (explaining that this court "decline[s] to stretch reason to locate questions of law in what [it] ha[s] properly analyzed as a factual determination").

Accordingly, we dismiss the petition for review for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED