**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-3354

———————

JAHMAL JAMES,
                               Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                               Respondent

———————————————————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A210 089 320)
Immigration Judge: Leo A. Finston

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2019
Before:  MCKEE, COWEN and RENDELL, Circuit Judges

(Opinion filed:  July 12, 2019)

———————

OPINION*

———————

PER CURIAM

    Jahmai James, a citizen of Jamaica, petitions for review of an order of the Board

of Immigration Appeals ("BIA"), which dismissed his appeal and affirmed the

———————————————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Immigration Judge's ("IJ") decision to deny his application for cancellation of removal. We will deny the petition for review.

James came to the United States in 2005 at age 16 as a visitor to join his mother, who was living here. He finished high school in the United States, and later became a conditional lawful permanent resident, based on his marriage to a U.S. citizen, from whom he later divorced. James was arrested and pleaded guilty to some firearms offenses in New Jersey in 2015. In 2017, James was served with a Notice to Appear ("NTA") charging him with being removable under INA § 237(a)(2)(C) [8 U.S.C. § 1227(a)(2)(C)] for having been convicted of a firearm offense. He was also charged with having been convicted of an aggravated felony under INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)], as defined in INA § 101(a)(43)(F) [8 U.S.C. § 1101(a)(43)(F)], a crime of violence as defined in 18 U.S.C. § 16. A.R. 799. However, on June 23, 2017, the Department of Homeland Security ("DHS") withdrew the aggravated felony charge. A.R. 799.[1] James applied for cancellation of removal under INA § 240A(a) [8 U.S.C. § 1229b(a)].[2]

---

[1] The NTA also alleged that his conditional permanent resident status had been terminated; an amended NTA listed this as an additional charge of removability. A.R. 795. However, during the pendency of immigration proceedings, James succeeded in having the status reinstated and the conditions removed, making him a lawful permanent resident. A.R. 146, 158-59.

[2] That section provides:

> The Attorney General *may* cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien--
> **(1)** has been an alien lawfully admitted for permanent residence for not less

After James's case was assigned to an IJ for a merits hearing, the IJ determined that James's conviction was an aggravated felony, which precluded him from applying for cancellation of removal. In the alternative, however, the IJ determined that James did not merit cancellation of removal in the exercise of discretion. On appeal, the BIA agreed that James did not merit cancellation as a matter of discretion and declined to consider whether he had been convicted of an aggravated felony. James then filed a timely, pro se petition for review.[3]

In his brief here, James argues that the IJ "impermissibly acted as prosecutor and adjudicator" in determining, without the input of the parties, that his conviction is an aggravated felony. He also argues that the aggravated felony determination is incorrect as a matter of fact and of law. James further argues that the IJ failed to properly weigh the equities and considered improper factors in deciding that cancellation of removal was not warranted. The Government argues that we lack jurisdiction to consider this petition for review.

The Government correctly notes that we generally lack jurisdiction to consider a

---

than 5 years,
**(2)** has resided in the United States continuously for 7 years after having been admitted in any status, and
**(3)** has not been convicted of any aggravated felony.

8 U.S.C. § 1229b(a) (emphasis added). The Government did not challenge whether James had established the three factors for eligibility for cancellation, but it argued that James should not be granted cancellation of removal as a matter of discretion.

[3] A panel of this Court denied James's motion for a stay of removal and referred the Government's motion to dismiss for lack of jurisdiction to this panel.

3

petition for review filed by an alien who is removable for having committed certain criminal offenses, including a firearm offense under § 1227(a)(2)(C). 8 U.S.C. § 1252(a)(2)(C). We also lack jurisdiction to consider a discretionary decision denying relief under § 1229b. 8 U.S.C. § 1252(a)(2)(B)(i). However, we continue to have jurisdiction to consider "constitutional claims or questions of law," despite the jurisdictional restrictions of sections 1252(a)(2)(B) and (C). See § 1252(a)(2)(D); Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 189 (3d Cir. 2005).

If the BIA had decided that James's conviction is an aggravated felony, we would have jurisdiction to consider that determination. However, because the BIA declined to consider whether James had been convicted of an aggravated felony and instead denied relief as a matter of discretion, we do not reach the aggravated felony issue. See Singh v. Attorney Gen., 839 F.3d 273, 282 (3d Cir. 2016) ("We may consider the opinion of the IJ only insofar as the BIA deferred to it." (internal quotation marks omitted)).

We lack jurisdiction to consider James's argument that the IJ and BIA did not properly weigh the negative and positive factors in denying cancellation of removal, as it does not present a legal claim. See Jarbough v. Att'y Gen., 483 F.3d 184, 189-90 (3d Cir. 2007).

We do have jurisdiction to consider whether the IJ considered improper factors in denying cancellation of removal, as we consider that to be a legal question. Cf. Pareja v. Att'y Gen., 615 F.3d 180, 188 (3d Cir. 2010) ("[W]here the BIA is alleged to have made a . . . determination based on an erroneous legal standard . . ., our jurisdiction to review

4

that determination is secure." (internal quotation marks and citation omitted)). James argues that the BIA impermissibly considered that he was "not a property owner and does not have advance [sic] degree and was only employed in a minimum wage job and is not married with children." Petitioner's Brief at 3. While the BIA has recognized that discretionary decisions without guidance "may be applied in a stereotyped manner," In re C-V-T-, 22 I. & N. Dec. 7, 11 (BIA 1998) (quoting In re L-, 3 I. & N. Dec. 767, 770 (BIA, A.G. 1949)), James does not allege that the BIA considered improper factors, such as race or gender, in making its decisions. And the factors James cites (property ownership, family ties, and employment) are among the factors that the BIA consistently considers in determining whether discretionary relief is warranted. See id. (adopting factors set out in In re Marin, 16 I. & N. Dec. 581 (BIA 1978)). We discern no legal error here.

For the foregoing reasons, we will grant the Government's motion to dismiss the petition for lack of jurisdiction to the extent that James asks us to review the BIA's discretionary decision. We will deny the petition to the extent it raises a legal question.