**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1721
_____

VERONICA CABAÑAS-FLORES,
                                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency Case No. A201-939-856)
Immigration Judge: Pallavi S. Shirole
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 17, 2023
_____

Before: CHAGARES, *Chief Judge*, MATEY, and FUENTES, *Circuit Judges*

(Filed: December 22, 2023)
_____

OPINION[*]
_____

_____

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

MATEY, *Circuit Judge*.

Veronica Cabañas-Flores[1] petitions for review of a decision of the Board of Immigration Appeals (BIA) that denied her motion for reconsideration. But the BIA did not abuse its discretion, so we will deny the petition.

**I.**

Cabañas-Flores is a native and citizen of Mexico who has unlawfully resided in the United States since 2006. In 2019, Cabañas-Flores was arrested for assaulting her six-year-old daughter. Cabañas-Flores then entered a pretrial intervention program, which was terminated by consent order. A year later, the Department of Homeland Security (DHS) commenced removal proceedings against Cabañas-Flores, who admitted her illegal entry but sought cancellation of removal and adjustment of status pursuant to 8 U.S.C. § 1229b(b).

The immigration judge (IJ) granted Cabañas-Flores's application, finding that she was eligible for cancellation of removal and "deserving of a favorable exercise of discretion." App. 24. The IJ noted Cabañas-Flores had only one prior criminal offense and that she showed "remorse" for her recent actions. App. 22. Further, Cabañas-Flores "maintained consistent employment and . . . filed her income taxes regularly." App. 24. Finally, the IJ found removal would cause exceptional and unusual hardship because her

---

[1] Petitioner notes that her legal name is Cabañas-Flores, but her name also appears in the record as Cabaña-Flores. The Clerk was previously directed to correct the spelling for this Court's record.

husband suffers from epileptic episodes and her children, who would likely go with her to Mexico, do not speak Spanish fluently.

The BIA reversed the IJ and ordered removal because Cabañas-Flores "did not establish that she warrants a favorable exercise of discretion for cancellation of removal." App. 30. The BIA cited Cabañas-Flores's criminal history and noted she had fraudulently obtained a Social Security number, only sporadically filed taxes, and showed little rehabilitation after her arrest.

Cabañas-Flores moved to reconsider the BIA's decision. The BIA denied her motion, and this petition for review followed.[2]

## II.

A motion for reconsideration "addresses errors of law or fact in the previous order." *Santos-Zacaria v. Garland*, 598 U.S. 411, 424 (2023) (internal quotations and citations omitted). The decision to grant or deny a motion for reconsideration is within the BIA's discretion. *Id*. at 425 (citing 8 C.F.R. § 1003.2(a)); *In re O-S-G-,* 24 I. & N. Dec. 56, 57 (B.I.A. 2006). Because the BIA did not abuse its discretion in denying Cabañas-Flores's motion for reconsideration, we will deny the petition for review.

---

[2] The BIA had jurisdiction under 8 U.S.C. § 1229a and 8 C.F.R. § 1003.2, and we have jurisdiction under 8 U.S.C. § 1252(a). We review the denial of a motion for reconsideration for abuse of discretion, and the BIA's decision will be disturbed only when it is "arbitrary, irrational, or contrary to law." *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005) (quoting *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004)); *Pllumi v. Att'y Gen. of U.S.*, 642 F.3d 155, 158 (3d Cir. 2011). Because Cabañas-Flores did not timely file a petition for review of the removal order, our review is limited to the BIA's denial of reconsideration. *See Stone v. I.N.S.*, 514 U.S. 386, 406 (1995).

Under the Immigration and Nationality Act (INA), "[t]he Attorney General may cancel removal of . . . an alien who is inadmissible or deportable from the United States." 8 U.S.C. § 1229b(b). Cancellation requires an applicant first to satisfy four threshold requirements—that she "(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (B) has been a person of good moral character during such period; (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of [the INA] . . .; and (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." *Id.*

Once those threshold requirements are met, an applicant must also establish that she merits a favorable exercise of discretion. *See* 8 U.S.C. § 1229a(c)(4) ("An alien applying for relief or protection from removal has the burden of proof to establish that the alien—(i) satisfies the applicable eligibility requirements; and (ii) with respect to any form of relief that is granted in the exercise of discretion, that the alien merits a favorable exercise of discretion."); *Patel v. Garland*, 596 U.S. 328, 332 (2022) ("Because relief from removal is always 'a matter of grace,' even an eligible noncitizen must persuade the immigration judge that he merits a favorable exercise of discretion.") (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 308 (2001)). This two-step test[3] means that even if an applicant meets the four threshold "eligibility requirements, the immigration judge has discretion to

---

[3] *Pareja v. Att'y Gen. of U.S.*, 615 F.3d 180, 185–86 (3d Cir. 2010).

4

*(but is not required to)* cancel removal . . ." *Barton v. Barr*, 140 S. Ct. 1442, 1445 (2020) (emphasis added); *Pereida v. Wilkinson*, 141 S. Ct. 754, 759 (2021) (establishing all the threshold requirements "yields no guarantees; it only renders an alien *eligible* to have his removal order cancelled. The Attorney General may choose to grant or withhold that relief in his discretion"). This statutory structure precludes both of Cabañas-Flores's arguments in her petition for review.[4]

First, Cabañas-Flores argues the BIA could not deny her application for cancellation of removal because the IJ had found that she possessed good moral character. But good moral character is a threshold eligibility factor, and thus a necessary but not sufficient condition for the exercise of discretion. Cabañas-Flores must prove both statutory eligibility, of which good moral character is one factor, as well as entitlement to discretionary relief, a separate consideration. *Pareja v. Att'y Gen. of U.S.*, 615 F.3d 180, 185–86 (3d Cir. 2010). Because the BIA is "entitled to 'weigh the evidence in a manner different from that accorded by the [IJ],'" it could permissibly find Cabañas-Flores had not established she merited a favorable exercise of discretion. *Yusupov v. Att'y Gen. of U.S.*, 650 F.3d 968, 980 (3d Cir. 2011) (quoting *Matter of A–S–B–,* 24 I. & N. Dec. 493, 497 (B.I.A. 2008)).

---

[4] Cabañas-Flores also argues that the BIA should have reconsidered in light of the Supreme Court's decision in *Patel*, 596 U.S. 328. But we agree with the BIA's determination that *Patel*, which held that "[f]ederal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings" under the INA, *id*. at 347, does not apply to the facts and circumstances in the motion for reconsideration.

Second, Cabañas-Flores argues the BIA erred when it considered conduct outside the ten-year period in 8 U.S.C. § 1229b(b) in deciding whether she merited a favorable exercise of discretion. But the INA "imposes no limitations on the factors" that "may [be] consider[ed] in determining who, among the class of eligible aliens, should be granted relief." *I.N.S. v. Yueh-Shaio Yang*, 519 U.S. 26, 30 (1996);[5] *see also Patel v. United States Att'y Gen.*, 971 F.3d 1258, 1267–69 (11th Cir. 2020), *aff'd sub nom. Patel v. Garland,* 596 U.S. 328 (2022). Rather, the BIA can "review the record *as a whole*" and "'balance the adverse factors evidencing the alien's undesirability . . . with the social and humane considerations presented in his (or her) behalf to determine whether the granting of . . . relief appears in the best interest of this country.'" *Matter of C-V-T-*, 22 I. & N. Dec. 7, 11 (B.I.A. 1998) (quoting *Matter of Marin*, 16 I. & N. Dec. 581, 584–85 (B.I.A. 1978)) (emphasis added); *Matter of Castillo-Perez*, 27 I. & N. Dec. 664, 670–71 (B.I.A. 2019) (identifying "factors that should be considered in deciding whether to grant cancellation of removal," but not limiting any factor to the ten-year good moral character

_____

[5] Though the Supreme Court in *Yueh-Shaio Yang* considered a different section of the INA, it compared the two sections and noted that it had held in *Jay v. Boyd*, 351 U.S. 345, 354 (1956) that the decision to grant or deny suspension of deportation—the predecessor to cancellation of removal—enjoys "unfettered discretion." *Yueh-Shaio Yang*, 519 U.S. at 30. A conclusion reinforced by the statutory text, since the prerequisites for cancellation of removal do not have a uniform ten-year requirement. *See* 8 U.S.C. §1229b(b)(1)(A)–(C) (requiring physical presence in the United States and good moral character for a continuous period of at least ten years before the application for cancellation of removal, but not limiting conviction of certain offenses to that same period). Though the BIA has enunciated certain factors pertinent to the exercise of discretion, none are limited to the statutory ten-year period. *Matter of C-V-T-*, 22 I. & N. Dec. 7, 11 (B.I.A. 1998) (citing *Matter of Marin*, 16 I. & N. Dec. 581, 584–85 (B.I.A. 1978)).

6

period). The BIA thus did not err in considering evidence older than ten years to inform its discretionary decision.

* * *

For these reasons, we will deny the petition for review.