# Matter of Chong Sik KIM, Respondent

*Decided by Board October 9, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Immigration Judge erred in determining that the respondent, who engaged in systemic criminal fraud for decades, warranted a favorable exercise of discretion for purposes of cancellation of removal based on his recent expressed remorse and rehabilitative efforts while in prison.

FOR THE RESPONDENT: Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY: Thelma Gonzalez, Assistant Chief Counsel

BEFORE: Board Panel: GOODWIN and VOLKERT, Appellate Immigration Judges; MCCLOSKEY, Temporary Appellate Immigration Judge.

MCCLOSKEY, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the decision of the Immigration Judge dated April 23, 2025, granting the respondent's application for cancellation of removal for certain lawful permanent residents under section 240A(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a) (2024). The respondent, a native and citizen of South Korea, opposes the appeal. The appeal will be sustained.

The respondent came to the United States in 1979 at age 10 and became a lawful permanent resident that same year. In the late 1990s, he developed a gambling addiction, and in the early 2000s he started stealing to fuel it. Over the next two decades, the respondent routinely committed fraud and theft throughout the greater Los Angeles region. His notoriety was such that one of his most recent victims called police after recognizing him from a 2020 NBC news media report identifying him as the suspect in multiple

---

[1] Pursuant to Order No. 6523-2025, dated December 8, 2025, the Attorney General designated the Board's decision in *Matter of Kim* (BIA Oct. 9, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

scams over the last 14 years. His favored method was to falsely represent himself as a licensed contractor, convince victims to pay a deposit for home improvement work, and then cease contact with the victims and abscond with their money. At least once, he sent a fraudulent refund check to a victim in an attempt to buy time. In addition to defrauding customers, he also stole at least $30,000 from his wife, resulting in a divorce. He was arrested numerous times in relation to his ongoing schemes and repeatedly incarcerated to no effect on his behavior. He did not file any income taxes for 30 years.

His most recent arrest occurred in 2022, and he was charged with grand theft and burglary. On May 1, 2023, a probation officer prepared a pre-conviction report for the respondent. The officer's evaluation concluded:

> The defendant is 53 years old with an extensive prior record. He has been convicted of eight misdemeanors and seven felonies. His convictions include burglary, grand theft, contracting without a license, driving with a suspended license, and unlawful advertising. He has been placed on probation, served time in county jail and state prison but continues to participate in illegal activities. The defendant behaves as if the rules and laws of society do not apply to him.

The respondent was convicted and sentenced to 4 years in prison.

Before the Immigration Judge, the respondent testified that his most recent incarceration was a wake-up call, and he found religion and received rehabilitative care for his gambling addiction. The Immigration Judge weighed the respondent's criminal history against his long residence in the United States, his lack of familiarity with South Korea due to his long residence in the United States from childhood, his three adult United States citizen children who he maintains close ties with and whom supported him in his immigration proceedings, some positive history of employment, and his graduation from high school. The Immigration Judge also found that the respondent persuasively testified to his sincere remorse and acceptance of responsibility for his crimes, and that he had completed rehabilitative programs while in prison.

Ultimately, the Immigration Judge determined that the respondent deserved a favorable exercise of discretion, a determination that we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2025). In exercising discretion, we "must balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his (or her) behalf to determine whether the granting of . . . relief appears in the best interest of this country." *Matter of C-V-T-*, 22 I&N Dec. 7, 11 (BIA 1998) (quoting *Matter of Marin*, 16 I&N Dec. 581, 584–85 (BIA 1978)).

On our de novo review, the respondent has not established that he deserves a favorable exercise of discretion. We agree with DHS that the record shows limited positive equities that do not outweigh his severe and significant criminal history. The respondent has shown no meaningful period of time since the early 2000s when he was not systematically defrauding members of his community, the government, and/or his own family. His extensive and extreme course of criminal fraud continued unabated despite repeated interventions by the criminal justice system, including incarcerations. While the Immigration Judge was persuaded by the respondent's testimony that this most recent incarceration has truly rehabilitated him, as DHS notes, none of his previous incarcerations or rehabilitative efforts succeeded, and he did not present any specific plan for employment, support, or maintaining recovery upon release. Even if the respondent, while incarcerated, truly feels remorse for his crimes and believes that he is a changed man, we have no confidence that the respondent will not resume his longstanding pattern of criminality after release.

We acknowledge that the respondent has been in this country since he came as a child in 1979. But the positive equity of his long residence is undercut by the fact that he has spent the better part of his adult life engaged in systematic criminal fraud. His relationships with his adult children currently occur primarily over the telephone, and that can continue from South Korea. Balancing all positive and negative factors, we determine that relief does not appear in the best interest of the United States. *See Matter of C-V-T-*, 22 I&N Dec. at 11. In our exercise of discretion, we will deny the respondent's application for cancellation of removal.

**ORDER**: The appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's April 23, 2025, decision granting the respondent's application for cancellation of removal is vacated.

**FURTHER ORDER:** The respondent's application for cancellation of removal is denied in the exercise of discretion.

**FURTHER ORDER:** The respondent is ordered removed to South Korea.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the

time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2025).