**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIX DANIEL DOMINGUEZ-CANDELARIA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 25-1042<br><br>Agency No.<br>A204-619-354<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2026[**]
San Francisco, California

Before: N.R. SMITH, NGUYEN, and SANCHEZ, Circuit Judges.

Felix Daniel Dominguez-Candelaria petitions for review of a decision by the

Board of Immigration Appeals ("BIA") dismissing his appeal of a decision by the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge ("IJ") denying cancellation of removal. Because we lack jurisdiction, we dismiss the petition.

"To be eligible for cancellation of removal . . . , a noncitizen must meet four statutory criteria." *Wilkinson v. Garland*, 601 U.S. 209, 211 (2024); *see* 8 U.S.C. § 1229b(b)(1). "An IJ deciding a noncitizen's request for cancellation of removal proceeds in two steps. First, the IJ must decide whether the noncitizen is eligible for cancellation under the relevant statutory criteria. Second, an IJ decides whether to exercise his discretion favorably and grant the noncitizen relief in the particular case." *Wilkinson*, 601 U.S. at 212–13.

Although we have jurisdiction to review mixed questions of law and fact arising from the IJ's application of the statutory criteria to a set of established facts, *see* 8 U.S.C. § 1252(a)(2)(D); *Wilkinson*, 601 U.S. at 217, the IJ's exercise of discretion at the second step is "unreviewable," *Wilkinson*, 601 U.S. at 218; *see also id.* at 225 n.4 ("[I]f the IJ decides a noncitizen is *eligible* for cancellation of removal at step one, his step-two discretionary determination on whether or not to *grant* cancellation of removal in the particular case is not reviewable as a question of law."); *Lemus-Escobar v. Bondi*, 158 F.4th 944, 954 (9th Cir. 2025) ("[W]e lack jurisdiction over purely discretionary determinations, such as the agency's step-two determination that it would deny cancellation as a matter of discretion.").

Dominguez-Candelaria challenges only "the discretionary determinations of the [IJ] and . . . the BIA."  Framing his challenge as an issue of law, he argues that the IJ and BIA "failed to apply the [BIA]'s own precedential standard for assessing discretionary relief" because they "failed to address two of the most important discretionary factors in the record."  In particular, he faults the IJ for "fail[ing] to issue any findings of fact whatsoever regarding the hardship both to . . . himself and to his lawful permanent resident parents that would result from his removal."  *See* C-V-T-, 22 I. & N. Dec. 7, 11 (B.I.A. 1998) (including "evidence of hardship to the [noncitizen] and his family if deportation occurs" among "the factors [the BIA] ha[s] enunciated as pertinent to the exercise of discretion").

We can review the agency's discretionary determination if it "requires consideration of specific factors," but not if it "lacks any meaningful standard against which to judge the . . . decision."  *Ruiz v. Bondi*, 163 F.4th 586, 598–99 (9th Cir. 2025).  In C-V-T-, the BIA explained that "there is no inflexible standard for determining who should be granted discretionary relief, and each case must be judged on its own merits."  22 I. & N. Dec. at 11.  Indeed, the BIA "noted both the undesirability and 'the difficulty, if not impossibility, of defining any standard in discretionary matters which may be applied in a stereotyped manner.'"  *Id.* (ellipsis omitted) (quoting L-, 3 I. & N. Dec. 767, 770 (Att'y Gen. 1949)).

Because IJs are not required to consider any particular factor in every case, there is no "meaningful standard" by which we can evaluate a claim that the IJ failed to consider specific factors. *Ruiz*, 163 F.4th at 599. Therefore, we lack jurisdiction to consider Dominguez-Candelaria's contention that the IJ and BIA erred in denying cancellation of removal as matter of discretion. *See Vilchez v. Holder*, 682 F.3d 1195, 1201 (9th Cir. 2012) (holding that the court "[did] not have jurisdiction to review" the IJ's "determin[ation], in the exercise of his discretion, that [the noncitizen] did not merit cancellation of removal" notwithstanding jurisdiction to review the contention "that the agency 'failed to consider' certain [statutory] factors" for cancellation of removal, "such as . . . hardship").[1]

**PETITION DISMISSED.**

---

[1] Because the IJ's discretionary denial is dispositive, we do not reach Dominguez-Candelaria's argument that the IJ erred by not making a hardship determination.