FILED

OCT 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUILLERMO JOSE SABAJAN-QUIROZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-72615

Agency No. A034-271-938

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2010[**]
San Francisco, California

Before: RYMER and N.R. SMITH, Circuit Judges, and LEIGHTON, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

Guillermo Jose Sabajan-Quiroz, a native and citizen of Guatemala, appeals from the dismissal by the Board of Immigration Appeals (BIA) of his appeal from a decision by an immigration judge (IJ) denying his application for cancellation of removal and ordering him removed to Guatemala. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

Sabajan contends that the IJ violated his due process rights and deprived him of a full and fair hearing by failing to explain what was required to establish a basis for cancellation of removal. We disagree. The IJ held a total of six hearings, each time explaining that Sabajan had the right to present and examine evidence, and Sabajan was made aware that it was his burden to establish why he should be allowed to remain in the United States. At no point did the IJ misinform him about what was required to support the application for cancellation of removal. *Cf. Agyeman v. INS*, 296 F.3d 871, 882-84 (9th Cir. 2002). Although Sabajan argues that the IJ should have advised him to obtain additional medical records, Sabajan has not suggested what more those medical records would have revealed.

Nor did the IJ fail to consider the mitigating evidence surrounding Sabajan's crimes in denying his application. The IJ considered Sabajan's mental health records from the Elon Detention Center and the testimony of Sabajan's sister, Lazeth Ramirez, as well as the summary of positive factors compiled by Dr. Anne

-2-

Wideman, but found the mitigation evidence outweighed by the seriousness of Sabajan's criminal history. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007) ("The BIA or IJ decides whether an applicant is entitled to a favorable exercise of agency discretion on a case by case basis by taking into account the social and humane considerations presented in the applicant's favor and balancing them against the adverse factors that evidence the applicant's undesirability as a permanent resident." (internal quotation marks omitted)); *Matter of C-V-T*, 22 I.& N. Dec. 7, 14 (B.I.A. 1998) (applying a totality of the circumstances test to determine whether a favorable exercise of discretion is warranted). To the degree Sabajan's argument is a challenge to the IJ's discretionary determination that he failed to show exceptional and extremely unusual hardship, we lack jurisdiction to review it. 8 U.S.C. § 1252(a)(2)(B); *Romero-Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir. 2003).

Sabajan further submits that his due process rights were violated because the IJ was predisposed to deny his application. However, because Sabajan did not raise this argument before the BIA, it is unexhausted. *See Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001). Despite an exception to the exhaustion requirement for constitutional challenges, this court may not entertain due process claims based on correctable procedural errors unless an alien first gives the BIA an

opportunity to address them. *Agyeman* 296 F.3d at 877; *Rashtabadi v. INS*, 23

F.3d 1562, 1567 (9th Cir. 1994).

PETITION DENIED.