11-1190-ag
Andreenko v. Holder
BIA
Page, IJ
A070 529 130

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of May, two thousand twelve.

PRESENT:
>      JOHN M. WALKER, JR.,
>      PETER W. HALL,
>      DENNY CHIN,
>          *Circuit Judges.*

_____

PAVEL ANDREENKO,
>      *Petitioner,*

>      v.                                    11-1190-ag
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:        Tatiana S. Aristova, Plainsboro, New
                       Jersey.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Luis E. Perez, Senior
                       Litigation Counsel; Rachel Browning,
                       Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Pavel Andreenko, a native of the former Soviet Union and citizen of Russia, seeks review of a March 4, 2011, order of the BIA affirming immigration judge ("IJ") Alan Page's November 8, 2010, denial of relief under the Convention Against Torture ("CAT"), and denial of cancellation of removal under 8 U.S.C § 1229b(a). *In re Pavel Andreenko*, No. A070 529 130 (B.I.A. Mar. 4, 2011), *aff'g* No. A070 529 130 (Immig. Ct. N.Y. City Nov. 8, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Andreenko is removable by reason of having committed a criminal offense covered by 8 U.S.C. § 1227(a)(2)(B) (relating to convictions for controlled substances offenses), we lack jurisdiction to review the agency's factual findings and discretionary determinations. However, we retain jurisdiction to review, *de novo*, questions of law, 8 U.S.C. § 1252(a)(2)(D), including determinations as to what evidence will suffice to sustain an applicant's burden of proof. *See Noble v. Keisler*, 505 F.3d 73, 77 (2d Cir. 2007).

The agency did not err in finding that Andreenko failed to satisfy his burden of proof for CAT relief, as the country conditions evidence he submitted, while indicating that the Russian health care system is rife with corruption and that many health care facilities do not provide competent and adequate care, did not establish that any substandard treatment he might receive at a mental health facility would be inflicted by or with the acquiescence of Russian officials with the specific intent to cause him severe physical or mental pain or suffering, or that he will more likely than not be individually and intentionally singled out for torture by hospital officials because of his

mental health afflictions.  *See* 8 C.F.R. § 1208.18(a)(1); *Pierre v. Gonzales*, 502 F.3d 109, 121-22 (2d Cir. 2007) (holding that beyond evidence of inhumane conditions, a claimant can demonstrate a likelihood of torture only by providing some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering because of certain characteristics or medical conditions that claimant possesses).

With respect to Andreenko's application for cancellation of removal, we lack jurisdiction to consider the reasonableness of the agency's discretionary determination that the factors favorable to a grant of cancellation of removal were outweighed by adverse factors. *See* 8 U.S.C. § 1252(a)(2)(B)(I); *see also De La Vega v. Gonzales*, 436 F.3d 141, 144-46 (2d Cir. 2006).  Although we retain jurisdiction to consider "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), Andreenko's argument that he was deprived of due process when the agency failed to properly balance the favorable and adverse factors is  "essentially a quarrel about fact-finding or the exercise of discretion" wrapped in the "rhetoric of a constitutional claim or question of law."  *See Barco-*

4

*Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008) (internal quotation omitted).

Moreover, contrary to Andreenko's argument that the IJ applied an incorrect legal standard by concluding that "it was not in the best interest of the U.S. for [him] to remain in this country," the record confirms that the IJ identified and applied the proper legal framework. As required by *Matter of C-V-T-*, 22 I&N Dec. 7, 11-12 (BIA 1998), and *Matter of Marin*, 16 I&N Dec. 581, 584-85 (BIA 1978), the IJ "'balance[d] the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his (or her) behalf to determine whether the granting of . . . relief appears in the *best interest of this country*,'" *Matter of C-V-T-,* 22 I&N Dec. at 11 (quoting *Matter of Marin*, 16 I&N Dec. at 584-85) (emphasis added), and "enunciated in his opinion" the basis for his decision, *Matter of Marin*, 16 I&N Dec. at 585. Accordingly, the IJ's weighing of the applicable favorable and adverse factors to determine that granting Andreenko's application for cancellation of removal was not in the best interest of the United States was in accordance with the proper legal standard.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk