**NOT RECOMMENDED FOR PUBLICATION**
File Name: 07a0364n.06
Filed: May 29, 2007

**Nos. 06-3107, 06-3852**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

TOADER PETCU, MARGARETA PETCU, )
DAIANA PETCU, EMANUEL PETROI, )
                                   )
     Petitioners, )
                                   )
v.                                )   PETITION FOR REVIEW OF A
                               )   DECISION OF THE BOARD OF
                               )   IMMIGRATION APPEALS
ALBERTO R. GONZALES, ATTORNEY )
GENERAL OF THE UNITED STATES, )
                                   )
     Respondent. )

_____

Before: SILER and SUTTON, Circuit Judges; JORDAN, District Judge.*

**SILER**, Circuit Judge. Toader, Margareta, Daiana, Petcu and Emanuel Petroi (petitioners) appeal the Board of Immigration Appeals' (BIA) decision denying their motion to reopen their removal proceedings. The petitioners contend that the BIA abused its discretion by denying their motion to reopen for two reasons: 1) exceptional circumstances existed for their failure to appear at their hearing; and 2) the BIA failed to address their argument that the Immigration Judge (IJ) had an independent duty to raise an ineffective assistance of counsel claim on their behalf. For the following reasons, we **DENY REVIEW**.

_____

*The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

## I.  BACKGROUND

The petitioners are natives and citizens of Romania.  Toader and Margareta are the parents of Daiana and Emanual.  Toader entered the United States with a B-2 visa (visitor for pleasure) in November 1991.  The rest of the family entered with B-2 visas in January 1992.  The visas permitted the petitioners to remain in the United States until 1992.

In 1993, the petitioners applied for asylum.  In 2001, the asylum case was referred to an IJ and notices to appear were issued alleging that the petitioners were subject to removal.  The master hearing was set for June 21, 2002.  However, on the advice of counsel, only the two adult parents appeared at the master hearing.  The IJ told the petitioners and their counsel that the attendance of all parties is required unless excused by the IJ.  The IJ stressed that the children were required to attend the next hearing.  In addition to the oral notice of the upcoming hearing, written notice was sent out.

Due to the transfer of a large amount of cases from Detroit to the Arlington Immigration Court, the petitioners' counsel had encountered numerous administrative issues with the court in other cases she was handling.  However, there were no problems with the petitioners' particular case.  Apparently, counsel assumed that because of the administrative problems with her other cases, the petitioners' September hearing would be cancelled and advised the petitioners that they did not need to attend.  The court never gave any indication that the case would be cancelled.  The case went forward as scheduled.  Notwithstanding the specific directive from the IJ and the written notice, neither the adults nor the children appeared at the next hearing in September 2003.  Counsel did appear.  The court held an in absentia hearing and ordered the petitioners removed.

In December 2003, the petitioners filed a motion to reopen. The IJ denied the motion in May 2004. The BIA affirmed the IJ's decision in January 2006.

## II. DISCUSSION

"The denial of a motion to reopen or reconsider a removal order is reviewed for an abuse of discretion. An abuse of discretion can be shown when the IJ or Board offers no rational explanation, inexplicably departs from established policies, or rests on an impermissible basis such as invidious discrimination against a particular race or group." *Denko v. I.N.S.*, 351 F.3d 717, 723 (6th Cir. 2003) (citations and quotations omitted).

The petitioners contend that the BIA abused its discretion when it denied their motion to reopen because exceptional circumstances existed for their failure to appear at the hearing and that the IJ had an independent duty to raise an ineffective assistance of counsel claim on their behalf. We disagree.

The BIA considered the petitioners' motion to reopen as a motion to reconsider. We decline to consider whether this was an appropriate approach because even assuming *arguendo* that petitioners' motion is a motion to reopen, their arguments still fail. There is nothing in the motion to undermine the BIA's decision rejecting their asylum application. While the behavior of petitioners' counsel was misguided, that behavior does not overcome the failure by petitioners to demonstrate prejudice and to prove that they should be granted asylum. *See Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001) (holding that asylum petitioner must show that counsel's ineffective assistance prejudiced him).

In order to prevail on an ineffective assistance of counsel claim, the petitioners must show "more than mere ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." *Denko*, 351 F.3d at 724 (citations and quotations omitted). Petitioners need to show that but for counsel's improper behavior they would have been entitled to remain in the United States. *Sako v. Gonzales*, 434 F.3d 857, 864 (6th Cir. 2006). Here, the petitioners have only demonstrated that but for counsel's actions they would have attended the hearing. They have not shown that counsel's performance was so poor as to impinge upon fundamental fairness or that there is a sound legal basis for allowing them to remain in United States. Thus, the BIA did not abuse its discretion in rejecting the petitioners' ineffective assistance of counsel claim.

**PETITION DENIED.**