NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0211n.06

No. 12-3800

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Feb 28, 2013**
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JUAN MIGUEL DEJESUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF A |
| | ) | FINAL ORDER OF THE BOARD OF |
| ERIC H. HOLDER, JR., Attorney General, | ) | IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |

Before:  MOORE, SUTTON and DONALD, Circuit Judges.

SUTTON, Circuit Judge.  Juan DeJesus, a legal resident of the United States and citizen of the Dominican Republic, seeks review of an order of the Board of Immigration Appeals denying his application for cancellation of removal.  We deny his petition.

I.

DeJesus entered the United States in 1990 and became a permanent resident in 1998.  In 2004, the government charged him with four drug-related crimes, after which he pled guilty to one count of misprision of a felony.  DeJesus served two years in prison.  In 2009, DeJesus took a vacation to the Dominican Republic.  Upon his return, customs officials denied reentry on the grounds that he had committed a crime involving moral turpitude and did not possess a valid reentry document.  *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I); 1182(a)(7)(A)(i)(I).  DeJesus filed an application

for cancellation of removal. An immigration judge sustained the inadmissibility charges. Citing the misprision conviction and DeJesus's assertion at trial that he had never been charged with any other crimes (despite the four drug charges mentioned above), the IJ found that the "negative factors in the case . . . overwhelmingly outweigh[ed] the positive factors" and ordered DeJesus removed. A.R. 1011. DeJesus appealed and filed a motion to remand, alleging that his counsel was ineffective at the hearing and should have submitted more favorable evidence. The Board dismissed the appeal and denied the motion.

## II.

Before the Board may reopen an immigration application on ineffective-assistance grounds, the alien must (1) submit an affidavit detailing his attorney's failings, (2) prove that his attorney has been informed of the allegations, and (3) file disciplinary charges with the appropriate authority. *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006). No one disputes that DeJesus has satisfied these preliminary requirements for relief.

But DeJesus faces one more hurdle. He also must show that he suffered prejudice due to his lawyer's shortcomings, namely that he would have been able to remain in the United States had the lawyer met the minimum requirements of effective advocacy. *Sako*, 434 F.3d at 864–65.

To be eligible for cancellation of removal, an alien must satisfy three criteria: (1) he must have been lawfully admitted for permanent residence for at least five years; (2) he must have resided in the United States continuously for seven years; and (3) he must not have been convicted of an

aggravated felony. 8 U.S.C. § 1229b(a). Here, too, that is not all. Even an alien who meets these conditions is not entitled to remain in the United States as of right. He also must prove that he warrants a favorable exercise of discretion. 8 C.F.R. § 1240.8(d); *In re C-V-T-*, 22 I&N Dec. 7, 10 (BIA 1998). "[E]ach case must be judged on its own merits," and the Board looks to a nonexclusive list of factors that an IJ may consider in making this individualized determination. *In re C-V-T-*, 22 I&N Dec. at 11. Because the parties agree that DeJesus can satisfy the three objective criteria for cancellation of removal, 8 U.S.C. § 1229b(a), DeJesus must prove that he merits a favorable exercise of discretion, *In re C-V-T-*, 22 I&N Dec. at 13; *see also Ramirez v. Holder*, 425 F. App'x 512, 514 (6th Cir. 2011).

This he cannot do. DeJesus points to several pieces of evidence that, he claims, would have convinced the immigration judge to cancel his removal had DeJesus's counsel presented the evidence at his initial hearing. The evidence consists mostly of affidavits and letters from friends and family members attesting to DeJesus's good character and the negative impact his removal would have on his ten-year-old daughter, Siana, and his parents, with whom DeJesus lives. DeJesus also submitted evidence showing that he is currently employed, has graduated from community college, owns an insured vehicle, has a cell-phone account and is a member of a church.

All of this evidence, to be sure, falls on the asset side of the balance sheet when it comes to the cancellation-of-removal factors. But that does not mean the Board abused its discretion when it concluded that the new evidence would not have changed the IJ's mind. *See Abu-Khaliel v. Gonzales*, 436 F.3d 627, 634 (6th Cir. 2006). The IJ already had heard testimony about the likely

impact of DeJesus's departure on his family and assumed the departure would be hard on his daughter. DeJesus's former girlfriend (and the mother of his daughter) testified at length about the strength of DeJesus's character and about the ways in which he had matured since getting out of prison. What's more, the record already included evidence that DeJesus had gone to college, was employed and was a member of a Catholic church. The bulk of the evidence DeJesus submitted in conjunction with his remand motion thus differed at most in degree, not in kind, from the evidence admitted at his hearing—and did not differ sufficiently to remove the matter from the realm of the Board's discretion.

Just as problematically, none of DeJesus's allegedly new evidence overcomes the two serious strikes against him: his misprision of a felony conviction and his misstatements to the IJ. The IJ noted that DeJesus's criminal record was "very serious" and "fairly recent," A.R. 1010, and accused DeJesus of not being candid during the hearing, *id.* at 994. "[A]s the negative factors grow more serious," the IJ explained, "it becomes incumbent upon the respondent to introduce offsetting favorable evidence." *Id.* at 1010. When DeJesus could not do so, the IJ ordered his removal, noting that the negative factors "overwhelmingly outweigh[ed] the positive factors." *Id.* at 1011. On appeal, DeJesus has simply attempted to bolster the positive factors with additional evidentiary support; he has not rebutted the negative factors with any new explanation of his conviction or any new justification for his lack of candor before the IJ. On this record, the Board acted within its discretion in concluding that the new evidence would not have changed the outcome.

DeJesus offers two main arguments on appeal, but neither does the trick. *First*, DeJesus maintains that the Board should not have looked to *Sako* for the standard of review. According to DeJesus, he needed to prove only that his counsel's deficiency "potentially affected the outcome of the proceedings," not that he was entitled to remain in the United States. Pet'r Br. at 24–30. What DeJesus neglects to mention is that *he* asked the Board to apply the *Sako* standard below. A.R. 50. Any contrary argument is forfeited, if not affirmatively waived. Even then, it is worth adding, DeJesus is barking up the wrong tree. Although DeJesus insists that *Sako* applies only to cases in which counsel failed to file an appeal, we have applied *Sako* in other cases outside that context. *See, e.g.*, *Alymova v. Holder*, Nos. 11-3428, 11-4380, 2012 WL 5519691, at *2 (6th Cir. Nov. 15, 2012) (applying *Sako* where petitioner filed for asylum two years late and blamed her attorney); *Petcu v. Gonzales*, 233 F. App'x 552, 554 (6th Cir. 2007) (applying *Sako* after petitioners blamed attorney for their failure to appear at a hearing); *see also Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001) (using the same standard before *Sako*); *Bo Wang v. Holder*, 359 F. App'x 589, 594 (6th Cir. 2009) (employing the prejudice standard from *Huicochea-Gomez*).

*Second*, DeJesus argues that the Board "abdicated its adjudicative role" by ignoring his new evidence and failing to "provide any substantive analysis" of DeJesus's motion. Pet'r Br. at 30, 33. To the extent DeJesus means that the Board could have been more expansive in explaining its prejudice analysis, he may be correct. But room for additional explanation does not equate to legal error. *See Stserba v. Holder*, 646 F.3d 964, 978 (6th Cir. 2011) ("While the BIA should demonstrate that it has considered [the] evidence that a petitioner presents, the BIA is not required to parse or

refute on the record every individual argument or document offered by the petitioner.") (alteration in original; internal quotation marks omitted). It was incumbent on the Board to consider whether DeJesus's new evidence would have supported a different outcome, and that is what the Board did. No precedent imposes a straitjacket on the Board, requiring it to tally each piece of new evidence and give an explanation why each one by itself (or in cumulation with the pieces of evidence up to that point in the analysis) fails to meet the applicant's burden. The Board met its duty of explanation.

III.

For these reasons, we deny DeJesus's petition for review.