NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3306
_____

TAYLOR JOSE BRANCO-ANTONIO,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA 1:A075-795-143)
Immigration Judge: Kuyomars Q. Golparvar

_____

Submitted Under Third Circuit LAR 34.1(a)
November 12, 2019

Before:   JORDAN, SCIRICA, and RENDELL, *Circuit Judges*

(Filed  November 25, 2019)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Taylor Branco-Antonio seeks review of a decision rendered by the Board of

Immigration Appeals ("BIA").  The government argues in response that we lack

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

jurisdiction over the petition for review. We hold that we have jurisdiction, but we will deny the petition.

I. **BACKGROUND**

Branco-Antonio is a native and citizen of Angola who arrived in the United States as a nine-year-old in 1997, when his family fled violence in Angola. He and his family were granted asylum. Effective January 31, 2005, Branco-Antonio adjusted his status to lawful permanent resident.

Branco-Antonio's immigration status was put in jeopardy when he was convicted of retail theft on four separate occasions: three times in 2011-2012 and once in 2017. In 2012 and 2013, the Department of Homeland Security initiated, and subsequently suspended, removal proceedings against him under 8 U.S.C. § 1227(a)(2)(A)(ii) based on the determination that he is an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. In September 2017, the Department of Homeland Security submitted a motion to re-calendar his removal proceedings. Branco-Antonio then filed an application for re-adjustment of status with a waiver of inadmissibility under 8 U.S.C. § 1182(h), citing hardship to his U.S. citizen family members.

After a hearing, the Immigration Judge ("IJ") denied the waiver and ordered Branco-Antonio removed. The IJ did not find that Branco-Antonio's family members would suffer extreme hardship if he were removed. Further, the IJ exercised his discretion and determined that the adverse factors of Branco-Antonio's undesirability as a permanent resident outweighed the social and humane considerations of allowing him to

2

remain in the United States. Branco-Antonio appealed, and on July 10, 2018, the BIA dismissed the appeal, considering the same discretionary factors as had the IJ.

Branco-Antonio then invoked 8 U.S.C. § 1229a in a motion to reopen and to stay removal. The claimed basis of his motion was that he was newly eligible for cancellation of removal as a lawful permanent resident, under 8 U.S.C. § 1229b, and that new material evidence had been discovered concerning his mother's health problems. Despite that pending motion, Branco-Antonio was removed to Angola on August 18, 2018. A month later, the BIA denied his motion to reopen. In its analysis, the BIA exercised its discretion to weigh the adverse factors of Branco-Antonio's undesirability as a permanent resident with the social and humane considerations of allowing him to stay in the United States, just as it had done in his July appeal for a waiver of inadmissibility. Branco-Antonio promptly filed this petition for review.

## II.    DISCUSSION

The government claims that we do not have jurisdiction to review the BIA's decision because it was a discretionary determination. Branco-Antonio disagrees and argues that we have jurisdiction to review constitutional claims and errors of law. Specifically, he claims the BIA committed three legal errors in denying his motion to reopen: first, the BIA did not consider the appropriate legal standard in its discretionary determination; second, the BIA erred in deciding that the new evidence he provided in his motion was not material; and third, the BIA denied him due process when it denied his

3

motion to reopen. We agree with Branco-Antonio that we have jurisdiction, but we disagree with his assertions that the BIA erred.

## A.     Jurisdiction

We begin with jurisdiction. The government contends that we do not have jurisdiction over this petition because the BIA made a discretionary determination and because Branco-Antonio has not raised any colorable constitutional issues or questions of law. At least as to the latter point, not so.

Even when the BIA has exercised its discretion, we retain jurisdiction over "constitutional claims or questions of law."[1] 8 U.S.C. § 1252(a)(2)(D). One of Branco-Antonio's claims is that the BIA did not apply the proper legal standard when exercising its discretion. Whether the legal standard it chose was correct is a question of law within our jurisdiction. *See Pareja v. Att'y Gen.*, 615 F.3d 180, 188 (3d Cir. 2010) ("[W]here

---

[1] The government's primary argument that we lack jurisdiction here is that the BIA acted in its discretion, so its decision is not reviewable. Essentially, the government treats the BIA's decision not as a denial of a motion to reopen under 8 U.S.C. § 1229a, but as a discretionary determination on cancellation of removal under 8 U.S.C. § 1229b, which this Court does not have jurisdiction to review. 8 U.S.C. § 1252(a)(2)(B)(i). Because the BIA "leap[t] ahead" and opined on the merits of the cancellation of removal claim, the government says this is not really an order denying a motion to reopen but is rather an order denying cancellation of removal. *See I.N.S. v. Abudu*, 485 U.S. 94, 105 (1988) ("…[T]he BIA may leap ahead, as it were, over the two threshold concerns (prima facie case and new evidence/reasonable explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief."). But while the BIA is free to examine the underlying relief sought, we still review the BIA's disposition based on what it ultimately did, which was to deny a motion to reopen. *See id.* (In considering a motion to reopen, "in cases in which the ultimate grant of relief is discretionary…the BIA may leap ahead…and simply determine that even if [the threshold concerns] were met, the movant would not be entitled to the discretionary grant of relief. We have consistently held that denials on this third ground are subject to an abuse-of-discretion standard.").

4

the BIA is alleged to have made a hardship determination based on 'an erroneous legal standard'… our jurisdiction to review that determination is secure." (quoting *Mendez v. Holder*, 566 F.3d 316, 322 (2d Cir. 2009) (per curiam))).

His next argument is that the BIA incorrectly determined that the evidence he proffered was not material. The Supreme Court has instructed that we should review that kind of claim for an abuse of discretion, which certainly seems to assume that we have jurisdiction. *See I.N.S. v. Abudu*, 485 U.S. 94, 106-07 (1988) ("That is, in a given case the BIA may determine, either as a sufficient ground for denying relief or as a necessary step toward granting relief, whether the alien has produced previously unavailable, material evidence …. We hold today that such decisions are subject to an abuse-of-discretion standard of review.").

Finally, Branco-Antonio claims he was denied due process when he was not granted a hearing to determine whether he was eligible for cancellation of removal, a constitutional claim over which we have jurisdiction by statute. *See* 8 U.S.C. § 1252(a)(2)(D) ("[No provision] which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."). Thus, we have jurisdiction to hear this petition.

**B.      Applicable Legal Standards**

Branco-Antonio challenges the discretionary standard the BIA used in denying his motion to reopen.[2]  He argues that the BIA erred when it relied on its previous discretionary findings to deny his waiver of inadmissibility.  Because of the different purposes of a waiver of inadmissibility and cancellation of removal, Branco-Antonio argues that the BIA improperly used the same analysis in exercising its discretion.  As we are considering the BIA's determination when it leapt ahead to the underlying relief sought (i.e., cancellation of removal), we review for an abuse of discretion.  *See Abudu*, 485 U.S. at 105 ("We have consistently held that denials on [leaping-ahead grounds] are subject to an abuse-of-discretion standard.").

The BIA did not abuse its discretion when it decided that Branco-Antonio did not qualify for discretionary relief.  It is true that a waiver of inadmissibility and cancellation of removal are different kinds of relief and involve different considerations.[3]  And the BIA has instructed that "it is prudent to avoid cross application, as between different

---

[2] Branco-Antonio also challenges the legality of the BIA's ability to leap ahead, claiming that it violates the INA.  However, we are bound by Supreme Court precedent that acknowledges the BIA's ability to leap ahead to the underlying discretionary relief sought.  *See Abudu*, 485 U.S. at 105 ("…[T]he BIA may leap ahead … and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief.").  Accordingly, the BIA's leap-ahead determination was not prohibited by the statute.

[3] A waiver of inadmissibility is granted where the noncitizen's removal "would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter[.]"  8 U.S.C. § 1182(h)(1)(B).  In contrast, cancellation of removal focuses on whether certain lawful permanent residents have met a set of requirements involving the amount of time they have resided in the United States.  *See* 8 U.S.C. § 1229b(a) (listing residency requirements).

6

types of relief, of particular principles or standards for the exercise of discretion." *In re Mendez-Morales*, 21 I. & N. Dec. 296, 300 (BIA 1996). Yet, despite the difference in purpose, the BIA has held that the discretionary factors to be considered substantially overlap for those two types of relief. *Compare id.* (listing factors for exercising discretion in a waiver of inadmissibility determination) *with In re C-V-T*, 22 I. & N. Dec. 7, 12 (BIA 1998) (listing same for exercising discretion in a cancellation of removal determination.). Here, although the BIA referred to the determinations made by the Immigration Judge and BIA panel that decided Branco-Antonio's waiver of inadmissibility appeal, it considered whether those same factors would apply in the cancellation of removal context and determined that they would. Because the BIA undertook an appropriate analysis for cancellation of removal, in a reasoned opinion that was consistent with BIA precedent, it did not abuse its discretion.

### C. Materiality of Evidence

Branco-Antonio also claims that the BIA erred when it determined that the new evidence he submitted was not material. He says that the question of materiality is a legal question over which we exercise de novo review. That is mistaken. We review the BIA's determination of whether a noncitizen presented "previously unavailable, material evidence" that justifies reopening for abuse of discretion. *Abudu*, 485 U.S. at 105; *see also Khan v. Att'y Gen.*, 691 F.3d 488, 495 (3d Cir. 2012) ("We review the BIA's denial of a motion to reopen for abuse of discretion.").

The new evidence Branco-Antonio presented was medical records relating to his mother's health. The BIA addressed that new evidence in the context of Branco-

7

Antonio's other familial relationships and determined that it was not material. There was no abuse of discretion in doing so.

**D.     Due Process**

Finally, Branco-Antonio claims that he did not have a full and fair opportunity to be heard because the BIA decided the merits of his cancellation of removal claim simultaneously with his motion to reopen and without a hearing. But he was permitted to submit briefs and evidence to the BIA, including new evidence he would provide at a cancellation of removal hearing, and he did so. Although he did not have a hearing on his cancellation of removal claim, he was sufficiently heard on the papers. His due process rights were thus given adequate respect. *See Matthews v. Eldridge*, 424 U.S. 319, 348-49 (1976) ("The judicial model of an evidentiary hearing is neither a required, nor even the most effective, method of decision-making in all circumstances. … All that is necessary is that … [those who are to be heard] are given a meaningful opportunity to present their case.").

**III.     CONCLUSION**

For the foregoing reasons, we will deny the petition for review.