**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3154
_____

DEURI ALONSO BURGOS,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES


_____

On Appeal from the Board of Immigration Appeals
On Petitions for Review of
Orders of the Board of Immigration Appeals

(A058-719-336)
Immigration Judge:  Alice Song Hartye


_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 13, 2022

Before: RESTREPO, MCKEE, SMITH, *Circuit Judges*

(Filed: April 21, 2023)
_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

In 2021, the United States Department of Homeland Security ("DHS") commenced removal proceedings against Mr. Deuri Alonso Burgos ("Alonso"). DHS alleged that, based on his two controlled substance convictions, Alonso was deportable. After a hearing, the Immigration Judge ("IJ") granted Alonso's request for cancellation of removal. DHS appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA sustained DHS's appeal and ordered Alonso's removal to the Dominican Republic. Alonso filed a petition for review alleging that the BIA engaged in impermissible factfinding when reaching its decision. We will deny the petition for review.

## I.  BACKGROUND

In April 2021, DHS commenced removal proceedings against Alonso by filing a Notice to Appear at the York, Pennsylvania, immigration court. The Notice to Appear contained eight factual allegations against Alonso: (1) he was not a citizen or national of the United States, (2) he was a native and citizen of the Dominican Republic, (3) he had been admitted to the United States as a lawful permanent resident in February 2008, (4) he was convicted for possession with the intent to distribute a controlled substance in the Pennsylvania Court of Common Pleas for Berks County in November 2020, (5) on the same date and before the same court, he was convicted of conspiracy to commit possession with the intent to distribute a controlled substance, (6) he was sentenced to five years' probation, (7) on the same date and before the same court he was also convicted of possession with the intent to distribute a controlled substance, and finally, (8) he was sentenced to twenty-three months of confinement.

2

Seeking relief from removal, Alonso filed an application for cancellation of removal for certain permanent residents under 8 U.S.C. § 1229b(a), which required him to demonstrate that he has been lawfully admitted for permanent residence for not less than five years, that he has resided in the United States continuously for seven years after having been admitted in any status, that he has not been convicted of an aggravated felony, and that he warrants relief as a matter of discretion. *See Matter of C-V-T-*, 22 I. & N. Dec. 7, 10 (BIA 1998).

In the May 2021 hearing, the IJ found that Alonso testified credibly and that he met his burden of proving statutory eligibility for cancellation of removal.[1]  In considering whether Alonso warranted a favorable exercise of discretion, the IJ weighed various factors.  The positive factors included: Alonso's consistent work history, his intentions to complete high school and pursue higher education, and evidence that he has not resided in the Dominican Republic since he was a child nor has a relationship with his father who resides there.  The negative factors included Alonso's excessive use of marijuana and his criminal record.  Most prominently, the IJ noted that Alonso's criminal record included five arrests, a charge and conviction of possession with the intent to deliver, and three juvenile adjudications, one of which was for admittedly kicking his high school teacher. The IJ found Alonso's testimony—that he never sold marijuana and never had the

---

[1] The parties agreed that Alonso had been a lawful permanent resident and continuously resided in the United States since 2008.  Moreover, the IJ found that Alonso's convictions under 35 P.S. § 780-113(a)(30) (prohibiting the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance) were not aggravated felonies because she credited his testimony that he possessed marijuana only for his personal use.

intention to do so; his expressed desire to rehabilitate himself, get counseling, and stay away from drugs; and his expressed remorse for his juvenile convictions—to be credible. In sum, the IJ found that the positive equities outweighed the negative factors and granted Alonso's application for cancellation of removal.

In November 2021, on appeal by DHS, the BIA found no clear error in the IJ's determination that Alonso was "overall credible" in his testimony. App. 2. However, the BIA found that Alonso's criminal offenses had become "increasingly serious," that he "displayed aggressive behavior and ha[d] been found with weapons," and that he "diminished the seriousness of his conduct and did not express significant remorse." *Id.* at 3. The BIA further concluded that Alonso did not merit a favorable exercise of discretion, based on its evaluation of his "criminal offenses as a juvenile and as an adult," reversed the IJ's decision granting cancellation of removal, and ordered Alonso removed to the Dominican Republic. *Id.* at 3. Alonso then filed the current petition for review of the BIA's final order of removal claiming that it was the result of impermissible factfinding.

## II. DISCUSSION

Alonso contends that this Court has plenary jurisdiction to review the issue of whether the BIA failed to conform with its own regulations when it reversed the IJ's decision to grant his application for cancellation of removal. Specifically, Alonso argues that the BIA exceeded the scope of its power by engaging in its own factfinding while deciding the case. DHS argues that the BIA did not engage in impermissible factfinding but instead properly weighed the factors at its discretion. We agree.

4

Generally, this Court has exclusive jurisdiction to review final orders of removal. 8 U.S.C. §§ 1252(a)(1), (5). However, we lack jurisdiction to review discretionary judgments of relief under both 8 U.S.C. §§ 1252(a)(2)(C) and (B)(i). In *Guadalupe v. Att'y Gen. United States*, this Court noted that "[c]ancellation of removal is an exercise of the BIA's discretion that we typically lack jurisdiction to review." 951 F.3d 161, 164–65 (3d Cir. 2020); *see also Khan v. Att'y Gen. United States*, 979 F.3d 193, 197 (3d Cir. 2020) (citing *Singh v. Att'y Gen. United States*, 807 F.3d 547, 549 n.3 (3d Cir. 2015) (stating that this Court lacks "jurisdiction over the 'discretionary aspects of the denial of cancellation removal'"); *Hernandez-Morales v. Att'y Gen. United States*, 977 F.3d 247, 249 (3d Cir. 2020) (stating that a "disagreement about weighing hardship factors is a discretionary judgment call, not a legal question").

Although we lack jurisdiction to review the discretionary findings that underlie the denial of a cancellation of removal, § 1252(a)(2)(D) preserves review for "constitutional claims or questions of law." Whether the BIA engaged in impermissible factfinding contrary to 8 C.F.R. § 1003.1(d)(3)(i) presents a question of law. *Pareja v. Att'y Gen.*, 615 F. 3d 180, 188 (3d Cir. 2019) (citing *Mendez v. Holder*, 566 F.3d 316, 322 (2d Cir. 2009) (instructing that jurisdiction exists to review "where the BIA is alleged to have made a hardship determination based on 'an erroneous legal standard' or 'on fact-finding which is flawed by an error of law'"). Thus, we turn initially to whether the Board improperly engaged in de novo fact-finding.

Alonso first alleges that the BIA did not defer to the IJ's finding that Alonso credibly testified that—despite his two convictions for possession with the intent to

5

distribute—he only possessed the marijuana for personal use and did not actually sell or intend to sell it. Although the IJ found that Alonso possessed marijuana for personal use, the IJ nevertheless described Alonso's drug-related convictions as "seriously concerning" and found his criminal history to be "significant and disturbing." Pet'r's Br. 14-15. In reviewing the IJ's determination, the BIA commented that Alonso's offenses "have become increasingly serious," App. 3, which comports with the IJ's observations about the concerning nature of Alonso's crimes.

The mere fact that the BIA gave greater negative weight than the IJ to the seriousness of Alonso's criminal offenses does not constitute impermissible factfinding but is instead a permissible discretionary determination by the BIA. *See Yusupov v. Att'y Gen. United States*, 650 F.3d 968, 980 (3d Cir. 2011) (quoting *Matter of A–S–B–*, 24 I. & N. Dec. 493, 497 (BIA 2008)) (stating that the BIA is "entitled to 'weigh the evidence [in the record] in a manner different from that accorded by the [IJ]'"); *see also Garland v. Ming Dai*, 141 S. Ct. 1669, 1681 (2021) (noting that even if the BIA treats a noncitizen's testimony as credible, the agency need not find such evidence persuasive or sufficient to meet the noncitizen's burden of proof).

We reach the same determination regarding Alonso's contention that the BIA exceeded its review authority by stating that he had "diminished the seriousness of his conduct and did not express significant remorse." App. 3; Pet'r's Br. 19. In our view, the BIA permissibly afforded less weight to the sufficiency of Alonso's rehabilitation in light of the factual record. Such reweighing is entirely within the BIA's permissible discretion and did not constitute the overturning of a factual finding of the IJ.

6

## III. CONCLUSION

For the foregoing reasons, we will deny the petition for review.