NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO ROCHA-SALDANA,<br><br>    Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No.    23-1302<br><br>Agency No.<br>A216-434-322<br><br>MEMORANDUM[*] |

| | |
|---|---|
| PEDRO ROCHA-SALDANA,<br><br>    Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No.    24-732<br><br>Agency No.<br>A216-434-322 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 8, 2024
San Diego, California

Before: WALLACE, McKEOWN, and OWENS, Circuit Judges.

In Case No. 23-1302, Petitioner Pedro Rocha-Saldana petitions for review of the Board of Immigration Appeals' (BIA) order. The BIA's order affirmed the Immigration Judge's (IJ) denial of his application for cancellation of removal and post-conclusion voluntary departure under the Immigration and Nationality Act (INA) §§ 240A(b) and 240B, respectively. In Case No. 24-732, Rocha-Saldana petitions for review of the BIA's denial of his motions to reopen the case and to reconsider its prior decision. We consolidated the two cases pursuant to 8 U.S.C. § 1252(b)(6). We have jurisdiction under 8 U.S.C. § 1252(a)(5). As the parties are familiar with the facts and procedural history, we do not recount them here. We deny the petitions.

"We review the BIA's decision and those parts of the IJ's decision that the BIA expressly adopted." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), citing *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). "We review the BIA's legal determinations de novo, including whether the BIA applied the wrong legal standard." *Id.*, citing *Garcia*, 988 F.3d at 1142, 1146.

We review the denial of a motion to reopen and a motion to reconsider for abuse of discretion. *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004), *amended sub nom. Lara-Torres v. Gonzales*, 404 F.3d 1105 (9th Cir. 2005). "We

2

must uphold the [BIA's] ruling '[u]nless [it] acted arbitrarily, irrationally, or contrary to law.'" *Id.* (last two alterations in original), quoting *Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir. 2003).

1. *Case No. 23-1302.* Rocha-Saldana primarily contends that the BIA erred in affirming the IJ's denial of his application for cancellation of removal because the IJ's decision neither complied with relevant regulatory requirements and BIA precedent nor sufficiently stated that the denial was on discretionary grounds. The government responds that Rocha-Saldana did not make these arguments before the BIA and has thus waived them under 8 U.S.C. § 1252(d)(1)'s exhaustion requirement. Rocha-Saldana cannot overcome his failure to abide by section 1252(d)(1)'s claim-processing rule given that the government has raised the issue. *See Umana-Escobar*, 69 F.4th at 550 (holding that exhaustion, although not jurisdictional, is a mandatory claim-processing rule when the government raises it). Accordingly, we conclude that Rocha-Saldana has waived his arguments that the IJ's order was procedurally deficient and not sufficiently clear as to its discretionary basis.

Rocha-Saldana's other two arguments—that the BIA (i) impermissibly substituted its assessment of testimony for the IJ's factual findings and (ii) cited an inapposite case when affirming the IJ's discretionary denial—fail. The BIA reviews the IJ's findings of fact under the "clearly erroneous" standard. 8 C.F.R.

3

§ 1003.1(d)(3)(i). In affirming the IJ's discretionary denial of the application, the BIA cited the IJ's factual findings made at the end of the hearing. It is of no moment that the BIA also cited Rocha-Saldana's underlying deposition testimony, which the IJ relied upon in making his decision, in determining whether the IJ's factual findings were clearly erroneous. Further, Rocha-Saldana's argument that the BIA erroneously cited *In re C-V-T-*, 22 I. & N. Dec. 7 (BIA 1998), because it involved 8 U.S.C. § 1229b(a) rather than § 1229b(b)—the provision under which Rocha-Saldana brought his application for cancellation of removal—is not persuasive. Although *In re C-V-T-* involved a different statutory provision, the BIA's discussion of the IJ's ability to exercise discretion in that case equally applies here. Moreover, the difference in statutory eligibility under the provisions is not relevant where the IJ assumed that Rocha-Saldana met all the statutory requirements under § 1229b(b).

As for the IJ's denial of post-conclusion voluntary departure, Rocha-Saldana argues that the BIA erred by conducting a de novo review. We disagree. "The [BIA] may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges *de novo*." 8 C.F.R. § 1003.1(d)(3)(ii). Rocha-Saldana argued before the BIA that the IJ abused his

4

discretion in denying post-conclusion voluntary departure by misapplying the law. As such, de novo review by the BIA was proper.[1]

      *2.    Case No. 24-732.* The BIA is entitled to deny a motion to reopen the case if "the movant would not be entitled to the discretionary grant of relief which he sought." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023), quoting *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). In making that determination, the BIA must decide whether the new evidence "would likely change" the results of the case. *Id.* at 1183. Here, the BIA concluded that the new evidence, including Rocha-Saldana's youngest son's autism diagnosis and Rocha-Saldana's representation that he paid certain taxes owed, would not likely change the IJ's denial on discretionary grounds because Rocha-Saldana's "adverse considerations outweigh[ed] his equities." The BIA observed that the IJ was aware of Rocha-Saldana's son's health and behavior issues, including that he was possibly autistic, at the removal hearing. The BIA further determined that the new evidence indicating that Rocha-Saldana "purportedly" submitted tax returns for prior years and paid the owed taxes did not "materially change" the analysis. We conclude that the BIA did not abuse its discretion in denying Rocha-Saldana's motion to reopen.

---

[1]    Rocha-Saldana's argument that the IJ's misapplication of the law requires a remand is without merit. We need not review that portion of the IJ's denial because the BIA did not expressly adopt it. *See Umana-Escobar*, 69 F.4th at 550.

As for the motion to reconsider, Rocha-Saldana contends that the BIA abused its discretion by not considering whether the 30-day deadline to file such motion should have been equitably tolled. However, Rocha-Saldana did not raise this argument before the BIA. Rather, he only argued that the BIA should exercise its sua sponte authority to reconsider its decision. Relying on *Matter of J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997), the BIA determined the fact that Rocha-Saldana worked diligently with his new counsel after the deadline to file the motion had passed did not constitute "an exceptional situation" warranting reconsideration. Rocha-Saldana presents no argument as to why the BIA erred in making this determination. We conclude that the BIA did not abuse its discretion in denying the motion reconsider.

**PETITIONS DENIED.**[2]

---

[2]    In Case No. 24-732, we treat the government's absence of a timely response to Rocha-Saldana's Motion to Stay Removal, Dkt. 4, as a notice of non-opposition. *See* 9th Cir. Gen. Ord. 6.4(c)(5). The temporary stay of removal continues until the mandate issues unless the court orders otherwise. *See id.*