NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISMAEL ERNESTO RENGEL-PENA, | No. 23-1931 |
| Petitioner, | Agency No. A200-720-472 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2025**
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Ismael Ernesto Rengel Pena ("Rengel"), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

dismissing an appeal from an order of an Immigration Judge ("IJ") finding Rengel

inadmissible and denying his application for cancellation of removal for certain

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

nonpermanent residents.  We have jurisdiction under 8 U.S.C. § 1252.  Where, as here, the BIA affirms the IJ "and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019) (citation omitted).  We deny the petition for review in part and dismiss it in part.

1.     We review de novo questions of law, including determinations of inadmissibility.  *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014).  We accept an agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Garland v. Ming Dai*, 593 U.S. 357, 365 (2021) (citation omitted).  Rengel does not dispute that he is a foreign citizen and that, after receiving voluntary departure, he reentered the United States without inspection.  A noncitizen "present in the United States without being admitted or paroled" is inadmissible.  *See* 8 U.S.C. § 1182(a)(6)(A)(i).

Rengel argues that he is admissible based on his prior lawful entry to the United States, and that his prior voluntary departure was invalid because an immigration officer affirmatively misled him about when he would see an immigration judge and the likelihood of success of his claims for relief.  However, even assuming that a defect in the prior voluntary departure would affect admissibility, the IJ determined, and the BIA affirmed, that Rengel's prior

voluntary departure was valid based on a voluntary departure form signed by Rengel informing Rengel of his rights. Rengel's testimony does not compel the contrary conclusion. Given its factual findings, the BIA did not err in finding that Rengel failed to prove that he was "clearly and beyond a doubt entitled to be admitted to the United States." 8 C.F.R. § 1240.8(c).

2.      Although we lack jurisdiction to review the merits of a discretionary decision to deny cancellation of removal, we can determine whether the agency considered all relevant evidence in making its decision. *Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019) (citing *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2000)); *see* 8 U.S.C. § 1252(a)(2)(B)(i), (D) (depriving this court of jurisdiction to review discretionary decisions but conferring jurisdiction to review "constitutional claims or questions of law"). In making its discretionary determination, the agency must consider evidence of the applicant's family ties, his length of residence in the United States, the potential hardship to the applicant and his family, his employment or property ownership, any community service or service in the U.S. military, his criminal history and rehabilitation, his immigration violations, and any other relevant positive or negative information. *Matter of C-V-T-*, 22 I. & N. Dec. 7, 11 (B.I.A. 1998).

Here, the IJ considered all the evidence relevant to the cancellation decision: Rengel's residence in the United States since he was "an extremely young child";

the "significant hardship" that Rengel's family would experience if he were deported; Rengel's employment; his payment of taxes; and his role in raising four children who "appear to be doing extremely well." The IJ considered Rengel's two prior DUI convictions and additional DUI arrest, and the dangerousness of drunk driving, but he also considered Rengel's attempt at rehabilitation by attending Alcoholics Anonymous meetings. The IJ concluded that Rengel's unlawful entries into the United States were adverse factors, and he denied cancellation of removal.

The BIA affirmed the IJ's negative discretionary determination. Because the agency "'thoroughly reviewed' . . . all of the positive and negative equities in the record" under the correct legal standard, we lack jurisdiction to re-weigh these factors and to disturb the agency's discretionary determination. *Vilchez*, 682 F.3d at 1200–01. A discretionary decision is sufficient to support the denial of cancellation of removal. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 889 (9th Cir. 2003) ("[T]he ultimate decision whether to grant [cancellation of removal], regardless of eligibility, rests with the Attorney General."). We therefore dismiss the remainder of Rengel's petition for review.

**PETITION DENIED IN PART AND DISMISSED IN PART.**[1]

---

[1] Rengel's Motion to Stay Removal (Dkt. No. 4) is denied as moot. The temporary stay (Dkt. No. 10) will dissolve upon the issuance of the mandate.